THOMAS J. HAYS v. B. B. BONNER.

An allegation that the vendor fraudulently represented that he had a good title, when, in truth, he had not the title, is a sufficiently specific allegation of fraud.

See this case as to false representations as to title, by the vendor in a bond for title, with covenant for special warranty.

Where a party, in undertaking to sell land, describes it as patented to another, he must be understood as contracting to convey the title of the patentee.

Where the vendor, in a bond for title, sued to recover the land, on the ground of default in the vendee, the Court said : It does not appear that there was any improvement upon the land when the defendant went into possession, or that the plaintiff ever had any actual possession, or that he has or ever had any title, or color of title, giving even a constructive possession ; but it does appear that the defendant has made considerable improvements upon the land : to permit the plaintiff to dispossess him, and enjoy the fruits of his labor, honestly bestowed, upon the faith of the plaintiff's representations, in word and deed, without making any compensation for his labor, toil and losses, would be the grossest wrong and injustice.

It is immaterial that the vendor did not intend to practice any fraud or wrong, upon the defendant ; that he was mistaken in supposing he would be able to convey the title of the patentee : to permit him now, when it turns out that he cannot make title, to dispossess the vendee, without compensating him for his losses, occasioned by no fault of his own, would operate a manifest fraud upon the vendee.

Appeal from Smith. Action by a vendor, Hays, against his vendee, Bonner, to recover the land, on the ground that the latter refused to pay the purchase money. Hays had given Bonner a bond for title in which he " agreed to sell unto said " Bonner or his assigns, a certain tract of land, to wit : the north " half of survey No. 614, &c. secured to R. G. Saunders [see " patent and record in County Surveyor's office in Smith county,"] in consideration of receiving from Bonner three several promissory notes, and further agreed, upon the full payment of said notes, " to make, or cause to be made to said Bonner, his heirs, " executors or administrators, a title to said land such as in " him vested, warranting and defending the same from and " against all persons claiming under him or by virtue of his said

" claim." The defendant alleged that the plaintiff had fraudulently represented to him that he had a good title to the land, when in fact he had no title thereto ; that he, defendant, had gone upon the land and made considerable improvements thereon ; and he claimed that in case the contract was rescinded, the value of his improvements might be adjudged to him ; defendant also alleged a tender of the purchase money and demand of a good title. It appeared that the title was not in the plaintiff, but in R. G. Saunders ; that the land had been unimproved, but that the defendant went upon it and made considerable improvements thereon ; that the defendant tendered the price of the land to the plaintiff, and demanded a good title, but that the plaintiff refused to do more, than give a quit claim. The other allegations in the answer were also sustained by the evidence. It appeared, also, that Hays was the County Surveyor, and that the vendee had but recently removed to this country.

The Court charged the jury, in effect, that if, as an inducement to Bonner to make the purchase, Hays represented his title to be good, and Bonner confided in such representation, then Hays could not recover. The Court also charged that the reference in the bond for title, to the patent to Saunders, was tantamount to a covenant that the obligor claimed under Saunders, and could make title through the said patent.

*B. T. Selman,* for appellant.

*Bowden & Chilton,* for appellee.

WHEELER, J. We are of opinion that the Court did not err, in overruling the exceptions to the answer. The answer avers that the plaintiff represented that he had a good title to the land, which he contracted to convey, and that confiding in this representation of the plaintiff, the defendant purchased, &c. The exception is that the answer does not state, with

sufficient specialty, wherein the fraud consisted. But it does state that it consisted in representing that the plaintiff had a good title, when, in truth, he had not the title, &c. The answer contained substantially a good defence to the action. If liable to the objection, that it was not sufficiently certain in its averments, it was not liable to that objection in the particular indicated by the exception. And the rule is, where a party excepts specially, he must point out all the objections to the pleading of his adversary, on which he intends to rely, and the Court will not, in general, notice objections not so specified. (Crayton v. Munger, 9 Tex. R, 285.)

In reference to the effect of such representations as were averred in the answer, and as the parol evidence introduced conduced to prove, the charge of the Court was in entire conformity with our opinion, as heretofore expressed. (Mitchell v. Zimmerman, 4 Tex. R. 75 ; York v. Gregg, 9 Id. 95, 96.) And upon the effect of the reference to the patent contained in the bond for title, the charge of the Court was, we think, substantially correct. By undertaking to sell land patented to another, the plaintiff must be understood as contracting to convey the title of the patentee. The fact of assuming thus to deal with the property apparently of another, implied an undertaking that he had, or could procure, and make good, the title to his vendee. This he was bound to possess himself of the ability to do, before in good faith and fairness, he could insist on performance of the contract by the latter. To permit him to enforce performance, when at the time of making the contract and at the time of exacting performance, he did not possess the ability to make good the contract on his part, would operate a manifest fraud and injustice to the defendant. If he chose to treat the contract as rescinded, when he sought to recover back the possession of the premises, he should have offered to place the defendant in *statu quo*, by compensating him for the improvements he had been induced to make upon the land, on the faith of the plaintiff's undertaking. This was demanded by the plainest principles of equity and justice. It does not

appear that there was any improvement upon the land, when the defendant went into possession; or that the plaintiff ever had actual possession; or that he has, or ever had any title, or color of title, giving even a constructive possession. It does not appear that the possession derived from the plaintiff, whether an actual or constructive possession, has been, or is of any value to the defendant, or could have been of any avail to the plaintiff. But it does appear that the defendant has expended labor and made considerable improvements upon the land. To permit the plaintiff to dispossess him, and enjoy the fruits of his labor, honestly bestowed, upon the faith of the plaintiff's representations, in word and deed, without making any compensation for his labor, toil and losses, would be the grossest wrong and injustice. It is not the fault of the defendant, that the plaintiff is unable to make a title. And as the Court, in substance, charged the jury, it is immaterial that the plaintiff did not intend to practice any fraud or wrong, upon the defendant; and that he was mistaken in supposing he would be able to convey the title of the patentee; to permit him, now, when it turns out that he cannot make title, to dispossess the defendant, without compensating him for his losses, occasioned by no fault of his own, would operate a manifest fraud upon the defendant.

That the law and manifest justice of the case are with the defendant, upon the evidence, seems quite too clear for controversy. The judgment is affirmed.

Judgment affirmed.