GEORGE W. COPELAND AND ANOTHER V. FELIX GORMAN.

Where the maker of a note given for the purchase money of land, pleaded failure
of title to part of the land, the Court said, The amended answer was legally
sufficient, according to the authority of Tarpley v. Poàge, (2 Tex. R. 139.)
The answer goes beyond what was deemed sufficient in that case, in that it
alleged that the defendants were induced to give the note by the false and
fraudulent representations of the payee, that he had a good title to the land,
—the defendants having no other means of information. It comes there-
fore within our decision in Crayton v. Munger, (9 Tex. R. 285.)

It was no objection to the plea, that the alleged failure of title did not go to the
whole, but only a part of the land conveyed. It was the right of the defend-
ant to take what the vendor could convey, and have an' abatement of the
price to the extent of the failure of title. (Mitchell v. Zimmerman, 4 Tex. R.
75.)

Error from Cherokee. Tried below before the Hon. John
H. Reagan.

Suit by defendant in error against plaintiffs in error, on two
promissory notes, dated April 16th, 1853, payable to Joel
J. Frost, and assigned to the plaintiff. The amended answer
of defendants was as follows :

'That plaintiff ought not to maintain his suit on said notes
against these defendants, for this that the consideration for
which said notes were given has entirely failed, and were by
the said Frost procured from these defendants by and through
fraud, in this, that the said Joel Frost did, on the day and date
last aforesaid, falsely and fraudulently, for the purpose of cheat-
ing and defrauding these defendants, represent and state that
he, the said Frost, was the owner of a certain tract of land situate
in the county of —————— part of the headright of Samuel Frost,
his father, containing eleven hundred and seven acres, and that
if these defendants would pay him, the said Frost, in cash, to-
wit: the sum of two hundred and twelve dollars, and deliver

to him the said Frost, the said notes mentioned in plaintiff's petition, that he, the said Frost, would then make and deliver to these defendants a good and valid deed of the said eleven hundred and seven acres of land ; whereupon these defendants believing and entirely relying upon said statements and representations, and being moved and induced thereby, and having no other means of information, did there pay to the said Frost said two hundred and twelve dollars, and make and deliver to him the said notes, and the said Frost then immediately afterwards made and delivered to these defendants, his, the said Frost's certain deed to the said land, bearing date the 16th day of April, A. D., 1853. These defendants now positively aver that said Frost did not then own and never has owned since that time the said amount of land, and the said Frost only then owned four hundred and fifteen acres of the eleven hundred and seven acres sold as aforesaid to these defendants and that the other heirs of the said Samuel Frost, to-wit : Joseph Frost and John B. Parks and his wife, and others whose names are not known to these defendants, then owned six hundred and ninety-two acres of the said eleven hundred and seven acres, and that the said Joel Frost never has since that time owned any greater amount of said tract of land, and that the said Joel Frost wholly failed to make and deliver to these defendants any good and valid title whatever to any part of said eleven hundred and seven acres of land, save and except the said four hundred and fifteen acres. These defendants now positively aver that said sum of two hundred and twelve dollars, which these defendants paid the said Frost as aforesaid, was a greater sum by the amount of sixteen dollars than the said four hundred and fifteen acres amounted to at the price per acre which these defendants by their said contract were to pay the said Joel Frost, and that the said Joel Frost is now jointly due these defendants the said sum of sixteen dollars. These defendants positively aver that the said Gorman, plaintiff in this suit, purchased one of said notes, if

Copeland v. Gorman.

ever, long after its maturity, and that he has had due notice of the failure of the consideration for which said notes were given, and had notice that the said notes were given for the said land. These defendants further aver that the said Joel Frost is not now a resident of the State of Texas, and that the said Joel Frost is insolvent. Defendants also further aver that the said notes (as these defendants are informed and believe,) were particularly and fraudulently transferred to the said Gorman by the said Frost, with intent to defraud these defendants, and that the said Gorman was apprised of the same and a party thereto, and that in fact the said notes are now the actual property of the said Joel Frost.

The defendants amended further, and filed a relinquishment of all except four hundred and fifteen acres. They also filed and gave notice to plaintiff that they would read several deeds, among which was a conveyance from Joel J. Frost to G. W. Copeland, one of the defendants, dated April 16th, 1853, of " the one undivided fourth of a league of land, known and designated as Samuel Frost's headright, granted to him as a colonist, lying and being situated in the present county of Falls, on the Brazos River, the same being my own share or portion of said league of land, as an heir of said Samuel Frost, and of my mother, the wife of said Samuel Frost, containing eleven hundred and seven acres of land, more or less." The price was five hundred dollars. Covenant of general warranty. The other deeds indicated proof that Samuel Frost, the father, had agreed to give one-half of the league for clearing it out of the Land Office, and that defendants had, since the 16th of April, 1853, purchased the interest of the person who cleared the land out of the office, and of other three of the heirs of Samuel Frost.

The plaintiff excepted to the defendants amended answer on the ground that they were in possession under Joel J. Frost's conveyance with covenant of general warranty, and did

---

---

not offer to restore the land. Exception sustained. Judgment for plaintiff, &c.

*A. J. Hood*, for plaintiffs in error, cited Mitchell v. Zimmerman, 4 Tex. R. 82 ; Walling v. Kennard, 10 Id. 511 ; Sug. on Vend. 291 ; 2 Story Eq. Sec. 779.

*Shanks, Bonner & Bonner*, for defendant in error, cited Alcorn v. Sweeny, Dal. Dig. 490 ; Hardin v. Titus, Id. 622 ; Lynch v. Baxter, 4 Tex. R. 438 ; Tarpley v. Poage, 2 Id. 139 and authorities cited on page 147.

WHEELER, J. The amended answer was legally sufficient, according to the authority of Tarpley v. Poage, (2 Tex. R. 139.) The answer goes beyond what was deemed sufficient in that case, in that it alleges that the defendants were induced to give the note by the false and fraudulent representations of the payee that he had a good title to the land, the defendants having no other means of information. It comes then within our decision in Crayton v. Munger, (9 Tex. R. 285.)

It was no objection to the plea, that the alleged failure of title did not go to the whole, but only a part of the land conveyed. It was the right of the defendant to take what the vendor could convey, and have an abatement of the price to the extent of the failure of title. (Mitchell v. Zimmerman, 4 Tex. R. 75.) We are of opinion that the plea was sufficient, and that the Court erred in sustaining the exceptions. The judgment is reversed and the cause remanded.

Reversed and remanded.