27   443
77   281

## DAVID RHODE V. WILLIAM ALLEY AND OTHERS.

When an indorsement without date appears upon a promissory note, the presumption of law is that it was made before the maturity of the note , and a party affirming otherwise assumes the burden of proof.

A purchaser of land who has received a deed with special warranty may show, in defence to a suit for the purchase money, or in his action for a rescission of the contract, that a fraud in respect to the title was practised upon him.

When a vendee of land accepts a quit-claim deed, or a deed with special warranty, the presumption of law ordinarily is that he acts upon his own judgment and knowledge of the title ; and in that case he cannot be heard to complain that he has not acquired a perfect title.

But when, in the negotiations preliminary to the execution of the contract, the vendee stipulated for a perfect title, but afterwards is induced by the false or fraudulent representations of the vendor to accept a quit-claim, or special warranty deed, in the belief that he is thereby acquiring a perfect title, he will be permitted to show the deceit and will be relieved against the contract.

If the vendee, induced as aforesaid to accept a quit-claim, or special warranty deed, be sued upon his note for the purchase money by an assignee of the note, he may make his vendor a party to the suit and obtain judgment against him for such an amount as the plaintiff recovers upon the note, and also have a rescission of the contract and an adjustment of the equities as between him and his vendor, arising out of permanent improvements, use and occupation, &c.

APPEAL from Lavaca.    Tried  below before the Hon. Fielding Jones.

William Alley, one of the appellees, instituted this suit on the 22d of January, 1859, against Rhode, the appellant, on his promissory note for two thousand five hundred dollars, dated August 21st, 1857, due January 1st, 1859, payable to James C. Loe or order, and by him assigned without recourse, by an indorsement without date, to the plaintiff Alley.    The note expressed upon its face that it was given "for value received in the purchase of three hundred and four acres of land off of the Morris and Mixon leagues."

The defendant by his answer made Loe and his wife, from whom he had received a deed with special warranty for the land, parties

to the suit, alleging against them the fraudulent representations sufficiently detailed in the opinion of the court, and charging the plaintiff with notice and collusion. He prayed for injunction, tendered back to Loe and wife their deed, and asked for a rescission of the contract and for general relief as against them.

Loe and wife denied all fraud or deceit, and alleged that Rhode well knew the condition of the title at the time of and prior to the sale, and that he acted upon his own knowledge and the advice of the witness Dowling with regard to the title.

The plaintiff, by amendment, alleged that he traded for the note before its maturity and without notice of the matters set up by Rhode in his answer; and he adopted the matters and things set up by Loe and wife.

There was no evidence of the time when the note was indorsed by Loe, nor of any notice to Alley of the manner in which Rhode had been induced to accept the deed with special warranty. The other evidence is sufficiently indicated in the opinion.

The court charged the jury that unless they believed from the evidence that Alley had full knowledge and notice of the facts existing between Loe and Rhode, they should find for the plaintiff; and as between Rhode and Loe, they would inquire and find whether or not the note was made by Rhode to Loe with full knowledge of the condition of the title, or whether there was fraud practised upon Rhode by Loe in procuring the note or executing the deed.

The jury returned a verdict for the plaintiff and also in favor of Loe and wife. Judgment accordingly, new trial refused, and Rhode appealed.

*Tevis, Allen & Hale,* for the appellant.

*Harcourt & Robson,* for the appellees.

BELL, J.—We are of opinion that the court below did not err in the rendition of judgment in favor of the plaintiff below, William Alley. The legal presumption is that the note sued on was transferred to Alley before maturity; he so alleged in his amended

petition, and if the fact were otherwise the proof of it devolved
upon the defendant.    The statement of facts shows that the plain-
tiff, Alley, read the note in evidence, but it is not shown that
the indorsement by Loe was offered in evidence.    This omission,
however, is unimportant, because the indorsement and transfer of
the note by Loe to Alley are distinctly alleged by the defendant
Rhode in his answer.

But we are of opinion that there is error in the judgment of
the court below as between the defendant, David Rhode, and James
C. Loe and his wife.    It cannot be questioned that it is competent
for a purchaser of land, who has received a deed with special
warranty, to show that a fraud has been practised upon him in
respect to the title.    If a vendor of land has a perfect title in
himself, his vendee may well be content to accept from him a deed
with special warranty, because such a deed would, in that case,
vest an unimpeachable title in the vendee.    Ordinarily when a
vendee accepts a quit claim deed, or a deed with special warranty,
the presumption of law is that he acts upon his own judgment and
knowledge of the title, and he will not be heard to complain that
he has not acquired a perfect title.    But when, in the negotiations
preliminary to the execution of the contract, the purchaser stipu-
lates for a perfect title, and is afterwards induced by the false or
fraudulent representations of the vendor, to accept a quit claim
deed, or a deed with special warranty, in the belief that he is ac
quiring a perfect title and one free from litigation at the time, he
will be permitted to show that he was deceived in respect to the
title, and may be relieved against such a contract.    (Mitchell v.
Zimmermann, 4 Tex. R., 75; York's Adm'r v. Gregg's Adm'r,
9 Tex. R., 85; Hays v. Bonner, 14th Tex., 629.)

In this case it is shown that Rhode, the purchaser of the land
from Loe and wife, was desirous to obtain a perfect title to what-
ever land he might purchase ; and in the negotiation with Loe,
the latter seemed to deal with great candor and fairness, telling
Rhode that the title to the two hundred and four acres of land
was involved in litigation, and declining to receive more than one
thousand dollars of the purchase money until he was in a con-
dition to make perfect title.    A short time afterwards Loe sent

for Rhode to come to his house for the purpose of carrying into effect their former agreement. Loe had the deeds to the land prepared before-hand, and procured the county clerk to be present to take the acknowledgment of their proper execution. When the deed to the two hundred and four acres of land was shown to Rhode, he expressed dissatisfaction with it, because it contained only a special warranty. He was then told by Loe that the suit in which the title to the two hundred and four acres was involved had been decided in his favor, and that his title was then a perfect one, and he referred Rhode to the county clerk for further assurance. The county clerk stated, in response to the appeal to him, that the suit had been decided in Loe's favor, that Loe's title was good, and that a quit claim deed from Loe and wife was therefore as good as any other. This conversation was calculated to produce in the mind of Rhode the belief that he was acquiring a good title to the land, and Rhode's dissatisfaction with the deed, and his subsequent consent to receive it as vesting a good title in him, show that he relied upon the truth of the representations then made to him. This alone would perhaps entitle Rhode to be relieved from the contract. But the most important circumstance to be considered is, that the declaration made by Loe, and repeated by the county clerk when appealed to by Loe, that the suit involving the title to the two hundred and four acres of land, had been decided in Loe's favor, and that his title was then good, was not true in point of fact, in the sense in which the statement was made, and in the sense in which Rhode must have understood it. The county clerk told Rhode that *as the suit had been decided in Loe's favor, a quit claim deed was as good as any other.* This was not an assertion that Loe had good title to the land independent of the decision of the suit, but it was an assertion that the decision of the suit made the title of Loe a good one. And Loe's declaration that the suit had been decided, and that his title was *now* a good one, meant also that the decision of the suit had settled the question of title in his favor, and that he was thereby enabled to make Rhode a good title, as he had agreed to do in their previous negotiation. Now the truth was that the decision of the suit had settled nothing respecting the validity of the title,

because an appeal had been taken, an appeal bond executed and approved, and the appeal was then pending. It matters not whether Loe and the county clerk knew that an appeal from the decision of the District Court was pending or not. They spoke of the decision of the suit, and of the effect of the decision upon the title, at their peril; and what they said was calculated to deceive and doubtless did deceive Rhode, the purchaser. The whole testimony goes to show that Rhode did not intend, in making the purchase of the land, to take the chances of the litigation in which the title was involved. The original agreement was that he should not pay for the land unless Loe could make him a good title; and the assurances given him, when he received the deed, that the litigation was ended, or that the suit was decided, repel the idea that he was to take the risk of the litigation. Under these circumstances he was entitled, if he desired it, to a rescission of the contract; to have the purchase money which he was obliged to pay to Alley refunded to him by Loe and wife, and to have all the equities between himself, and Loe and wife, growing out of permanent and valuable improvements, use and occupation of the land, &c., adjusted by the decree of the court.

We think the case was not fully and fairly presented to the jury by the court below, and that the verdict of the jury was not warranted by the evidence. For these reasons the judgment of the court below as between Rhode and Loe and his wife is reversed, and the cause remanded for further proceedings in conformity with this opinion. The judgment of the court below in favor of William Alley is affirmed without damages.

Judgment affirmed as to Alley; reversed and remanded as to other appellees.