No. 6211.

H. C. McINTYRE *v.* G. W. DeLONG.

1. VENDOR AND VENDEE—QUIT CLAIM.—A purchaser of land taking a quit claim deed or deed with special warranty and executing his note therefor, in absence of fraud, the maker understanding the facts, can not defend against suit upon the purchase money note by showing that the vendor had no title to the land and that no title passed.

2. SAME.—The purchase money notes and the deed executed together in absence of fraud or mistake express the conditions of the purchase and determine the rights of the parties.

APPEAL from Tom Green. Tried below before Hon. William Kennedy.

The opinion the states the facts.

*Tarver & Cochran,* for appellant: Whether a deed indicates with certainty upon its face or not the **intent** of the **parties,** when the language used and acts done in making the **contract**

of sale clearly indicate that it was the intention of both parties that the vendor should convey to the vendee only such interest in the land as he then had, such instrument executed in pursuance of such intent will be given the effect of a quit claim deed.

The evidence showed conclusively that the intention of both the vendor and vendee was that the vendor should convey only such interest as he had by virtue of a tax deed to the undivided one-half of the undivided two-thirds of the Mary Harrison survey, and the court erred in holding, as a conclusion of fact, "that the deed to said interest was intended as a conveyance of the land and not a mere chance of securing the land." (Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 454, 460; Thorn v. Newsom, 64 Texas, 161, 164, 165.)

*J. W. Hill* and *T. C. Wynn,* for appellee: 1. Appellant having in his petition, declared upon the deed as an absolute conveyance of the land itself can not now be heard to complain, because the court gave to the deed the same construction which he had. (Mast v. Tibbles, 60 Texas, 304; Ross v. McGowen, 58 Texas, 608.)

2. A deed is conclusively presumed in the absence of accident, mistake or fraud, to use language, which, when unambiguous, truly evidences the intention of the grantor.

The language of the deed clearly shows that the grantor's intention was to convey a certain tract of land itself, and not his right, title and claim in the land. The words of the deed are: "Have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release and quit claim unto the said G. W. DeLong, all that tract of land known and described as follows," giving description of the land. (Lott v. Kaiser, 61 Texas, 668; Heirs of Watrous v. McKie, 54 Texas, 71.)

3. If the deed did not express the true intention of the parties, and plaintiff intended to show a state of facts different from and outside of the deed, he should have set forth the same by appropriate averments sufficiently broad and clear to inform the defendant that matters not contained in the deed would be relied upon in support of his claim on the trial of the cause. (Adams v. Hicks, 41 Texas, 243; Mims v. Mitchell, 1 Texas, 445, 446; Carter & Hunt v. Wallace, 2 Texas, 207.)

4. The rules which regulate the admission of evidence in trials by jury do not apply strictly where the trial of the fact

is by the court. The court will discriminate between evidence which is competent to establish or disprove the issue, and that which is not; and though incompetent evidence may have been heard by the court, it will not be a ground for the reversal of the judgment, if rightfully rendered upon evidence which is competent. (Chrisman v. Miller, 15 Texas, 161; Hall & Jones v. Jackson, 3 Texas, 309, 310; Rosenborough v. Gorman, 6 Texas, 313, 314; Smith v. Hughes, 23 Texas, 249, Melton v. Cobb, 21 Texas, 543; Schleicher v. Markward, 61 Texas, 102.)

WALKER, ASSOCIATE JUSTICE. This is an appeal from a judgment against McIntyre in a suit brought by him upon a promissory note made by DeLong to plaintiff, for eight hundred dollars, and to enforce the vendor's lien retained upon one-third interest in the Mary Harrison survey of one thousand two hundred and eighty acres of land (being one-half of a two-thirds interest in said survey conveyed by tax deed May 7, 1878, by A. McIlvaine, sheriff of Tom Green county, to John Lackey and to said McIntyre.)

The petition contained appropriate averments for the judgment and decree asked. Another note and foreclosure were included in the petition about which there is no controversy.

The defendant pleaded failure of title to the land for which the note was made, alleging that the only title held by McIntyre at his sale was a tax deed void on its face. Prayer also for two hundred and fifty dollars cash payment upon the land.

The testimony showed the note as alleged made by the defendant to plaintiff of the date January 4, 1884, and payable one year thereafter, with interest at twelve per cent from date, and payable annually—vendor's lien retained.

The deed of same date by McIntyre to DeLong recited a cash payment of two hundred and fifty dollars, and the making of the note for eight hundred dollars as consideration for which "I have granted, bargained, sold and released, and by these presents, do grant, bargain, sell and release and quit claim unto the said G. W. DeLong, all that tract of land known and described as follows: My undivided half interest in and to the undivided two-thirds of survey number 809, abstract number 321, in the name of Mary Harrison, lying and being situate on the south fork of the Concho river, * * and containing four hundred and twenty-five acres, more or less. It being the undivided half of the same land conveyed by A. McIlvaine,

sheriff of Tom Green county, to John Lackey and H. C. Mc-Intyre, by deed dated May 7, 1878, and recorded in records of Tom Green county, in book B, page 628, together with all and singular the rights * * * to have and to hold all and singular the said premises, unto the said G. W. DeLong, his heirs and assignees forever," with warranty "against every person whomsoever lawfully claiming or to claim the same, or any part thereof, by, through or under me," and specially retaining vendor's lien.

It appeared in evidence that McIntyre refused to give a general warranty, and for that part of the land which he held by tax title he would only give a quit claim deed. He fully explained the character of his title. Leach, the agent of De-Long in making the purchase testified: "I told DeLong at time of signing notes, and before the trade was closed, that McIntyre only held a tax title to the land conveyed by special warranty deed and he might lose it any time. He (DeLong) said that tax titles were generally regarded good in this section of the country and he would make the trade anyhow." The defendant DeLong testified that in buying he "expected to get a good title to the land, not a mere chance at title."

The court below held that plaintiff was not entitled to recover on the note, nor the defendant to recover the cash payment on the purchase money.

In an action upon a purchase money note for land conveyed by special warranty, on appeal, Justice Bell (27 Texas, 445, Rhode v. Alley), clearly and fully declares the principles governing such cases:

"It can not be questioned that it is competent for a purchaser of land who has received a deed with special warranty to show that a fraud has been practiced upon him in respect to the title. If a vendor of land has a perfect title in himself, his vendor may well be content to accept from him a deed with special warranty because such a deed would in that case vest an unimpeachable title in the vendee. Ordinarily, when a vendor accepts a quit claim deed or a deed with special warranty, the presumption of law is that he acts upon his own judgment and knowledge of the title, and he will not be heard to complain that he has not acquired a perfect a title. But where in the negotiations preliminary to the execution of the contract the purchaser stipulates for a perfect title and is afterwards induced by the false or fraudulent representations of

the vendor to accept a quit claim deed or a deed with speecial warranty, in the belief that he is acquiring a perfect title, and one free from litigation at the time, he will be permitted to show that he was deceived in respect to the title, and may be relieved against such contract." (Citing 4 Texas, 75; 9 Texas, 85; 14 Texas, 629; 22 Texas, 429.)

In the absence of fraud or mistake the note and deed express the contract between McIntyre and DeLong. The note contained a promise to pay, absolutely and without any condition. The deed limits responsibility in the warranty. The nature of the title was discussed before the note and deed were executed, and DeLong was advised by his agent Leach, that it was but a tax title he was buying, and he was liable to lose it at any time. After this assurance defendant declared he "would make the trade any how." There is undisputed testimony that De Long took the defective title with full knowledge of the facts. From his contract, so made, courts can not relieve him.

The judgment below, so far as recovery is refused upon the eight hundred dollar notes, with interest at twelve per cent, from June 4, 1883, is reversed, and judgment will be here rendered in addition to the recovery in the judgment below, for said eight hundred dollars and interest at twelve per cent, from June 4, 1883.

*Reversed and rendered.*

Opinion delivered May 29, 1888.