### Julia E. Savoy v. C. B. Brewton.

#### No. 164.

**1. Homestead Donation — Occupancy and Transfer — Failure of Consideration.**—C. occupied vacant public land for two years under the homestead donation law, and then conveyed it to S., who, without ever having occupied it, transferred it by quitclaim to B., taking notes in part consideration. B., after occupying the land a year, procured without consideration a transfer from C. direct to himself, and thereupon obtained patent; and being sued on his notes

to S., pleaded failure of consideration. *Held*, that although S., not having occupied the land, may have acquired no title thereto, yet his transfer to B. was sufficient to have enabled B. to tack his own possession to that of C., and this, with the delivery of possession to B., constituted a valuable consideration for the notes.

2. **Quitclaim Deed — Chance of Title Taken, when.** — Ordinarily, when a vendee accepts a quitclaim deed, the presumption of law is that he acts upon his own judgment of the title; and he will not be heard to complain that he has not acquired a perfect title unless in the negotiation he stipulated for a perfect title, and was afterwards induced by the false or fraudulent representations of the vendor to accept a quitclaim deed in the belief that he was acquiring a perfect title.

APPEAL from Eastland. Tried below before Hon. T. H. CONNER.

*J. T. Hammon,* for appellant.—The quitclaim from Mrs. Savoy to Brewton was the transfer of a valuable right, and a sufficient consideration for the notes sued on. Rev. Stats., art. 3937, et seq.; Murphy v. Stell, 43 Texas, 131; Bason v. Hughart, 2 Texas, 478; Curlin v. Hendricks, 35 Texas, 225; Johnson v. Townsend, 77 Texas, 639; Bryan v. Johnson, 39 Texas, 33.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—This suit was brought by appellant against the appellee to recover the principal sum of $150, alleged to be due upon two promissory notes executed by the latter to the former, and to foreclose the vendor's lien expressly retained in the notes on a tract of 160 acres lying in Eastland County.

Defendant sought to avoid payment of the notes on the ground of failure of consideration. He alleged, that on January 21, 1888, plaintiff conveyed to him the land in question in consideration of $50 cash and of the execution and delivery of the notes sued on; that at the time of the conveyance the plaintiff represented to him that she had occupied the land under the homestead donation laws of the State of Texas as part of the unappropriated public domain for the period of three years, and that she therefore had a right and title to the land, and that the defendant, as her vendee, would only have to take possession of the land and apply for patent in order to obtain it; that these representations were wholly false, and were fraudulently made to swindle defendant to the extent of the consideration stated. The defendant further averred, that as soon as he ascertained the imposition practiced upon him, he repudiated the sale by plaintiff to him, and himself obtained patent from the State under the pre-emption law. He prayed for a recovery of the $50 paid, and for a cancellation of the notes. The jury returned a verdict finding the notes

to have been executed without consideration, cancelling them, and award-ing a recovery of $50 for the defendant.    Hence this appeal.

It appears that the tract of land involved was in the first instance occu-pied as vacant unappropriated public domain by one Mrs. M. C. Coving-ton, who sought to acquire it under the law with reference to homestead donations.    She occupied it about two years, when, on October 9, 1885, she conveyed it by quitclaim deed to William Savoy, the former husband of the plaintiff, Julia E. Savoy.    William Savoy never himself occupied the land; he owned a tract adjoining it.    He lived sometimes in Eastland County and sometimes in Fannin County; he died in Johnson County, in September, 1887.    Prior to his death, and on December 15, 1886, he con-veyed the land by warranty deed to his wife, Julia E. Savoy.

On January 21, 1888, Julia E. Savoy, appellant, conveyed the land to C. B. Brewton, appellee, in consideration of $50 cash and of the two notes sued upon.    The conveyance by her was a mere *quitclaim deed.* This transaction was effected through the negotiations of one George Moss, her agent.    The defendant testified that at the time of the transac-tion Moss falsely represented to him that the period of three years occu-pancy was complete, and that all the defendant had to do was to make proof of occupation and get his patent, which any lawyer would procure for him for $10.    In this statement the defendant was corroborated by members of his own family.

On the other hand, the agent Moss testified, that he made no false rep-resentations to the defendant; that he informed the defendant that the period of occupancy was not complete; that Mrs. Covington had occupied the land only about two years; that it would be necessary that the defend-ant should take possession and complete the occupancy, when he would be entitled to patent; that it was agreed and fully understood by the de-fendant that Mrs. Savoy was selling only such title as she had.    In this testimony the witness Moss was corroborated by his wife and by the testi-mony of one Mack Gilbert.    It was not claimed that William Savoy or his wife ever occupied the land.    It was also undisputed, that by virtue of the contract with Mrs. Savoy by her agent, Moss, the defendant took possession of the property and of the improvements, consisting of a house worth $160, of a fence enclosing the premises, and of several acres in cultivation.    After the occupancy by him, the defendant applied for patent, which was refused because the period of three years was not com-plete.    Having continued, however, to reside upon the land one year longer, he procured from Mrs. Covington a quitclaim deed (for which he paid nothing, and which does not seem to have been produced on the trial, but to the existence of which defendant testified), and as her assignee, patent was issued to him March 6, 1889.

The court, in an instruction which is assigned as error, charged the jury, in effect, that if Mrs. M. C. Covington failed to occupy the land

for the period of three years, and if William Savoy and his wife failed to complete that occupancy, the transfers from Covington to William Savoy, and from the latter to Julia E. Savoy, would confer no title upon her; and that if, "notwithstanding such want of title," the defendant purchased "without knowledge of the plaintiff's title," the consideration for the notes would fail.

This instruction was, in our opinion, under the facts of this case, erroneous and misleading.

It may be conceded, that inasmuch as neither William Savoy nor Julia, his wife, ever occupied the land, they acquired no title thereto, and that at the time of his purchase the defendant was ignorant of the character of their claim or of their want of title. Does it thence follow that consideration for the notes necessarily failed? We think not.

By means of plaintiff's conveyance to him, the defendant took possession of the property and of the improvements thereon, and the transfer, whether for that purpose he availed himself of it or not, was sufficient to enable him to tack the possession thereby acquired to the occupancy previously held by Mrs. Covington. Johnson v. Townsend, 77 Texas, 639. The quitclaim which, subsequently to his occupancy, he procured without consideration from Mrs. Covington could confer no greater right than that which he had already acquired from the same source through his vendor, Mrs. Savoy.

Besides, it will be noted that the instrument executed by the plaintiff was a mere quitclaim. By its terms the vendor, Mrs. Savoy, purported to convey no more than the chance of title. Under such a condition it has been said by our Supreme Court, that "Ordinarily, when a vendee accepts a quitclaim deed, or a deed with special warranty, the presumption of law is that he acts upon his own judgment and knowledge of the title, and he will not be heard to complain that he has not acquired a perfect title. But when, in the negotiations preliminary to the execution of the contract, the purchaser stipulates for a perfect title, and is afterwards induced by the false or fraudulent representations of the vendor to accept a quitclaim deed, or a deed with special warranty, in the belief that he is acquiring a perfect title, and one free from litigation at the time, he will be permitted to show that he was deceived in respect to the title, and may be relieved against such a contract." Rhode v. Alley, 27 Texas, 445.

In his answer the defendant alleged such fraudulent representations. He also introduced evidence tending to show that he was the victim of imposition; this, however, was emphatically controverted by the plaintiff's evidence. Its determination should have been, but was not, in the charge referred to, left to the determination of the jury. This pivotal issue seems to have been ignored in the charge. Unless, indeed, the defendant was in this transaction the victim of imposition, it can not be contended that

holding this property as he did, under a mere quitclaim deed, the consideration for the notes in question had failed. Rhode v. Alley, supra; McIntyre v. De Long, 71 Texas, 86.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 12, 1893.