## FILES v. SPENCER.
### No. 1043.

Court of Civil Appeals of Texas. Eastland.
Jan. 20, 1933.

On Rehearing May 26, 1933.

Further Rehearing Denied June 23, 1933.

Grisham, Patterson & Grisham, of Eastland, for appellant.

Butts & Wright, of Cisco, and J. R. Stubblefield, of Eastland, for appellee.

HICKMAN, Chief Justice.

Appellant instituted this suit for the cancellation of a deed to land in Eastland county, and from a judgment denying him any relief he prosecutes this appeal. Full findings of fact were filed by the trial judge. These findings are not attacked by appellees, and we adopt same as our statement of the case. They are as follows:

"1. On the 26th day of August, 1929, plaintiff H. O. Files entered into a written contract with W. E. Spencer, one of the defendants in this cause, whereby the parties to said contract agreed to exchange lands in Lubbock county and lands in Eastland county upon definite and specific contractual terms as related to the consideration. In said contract the lands are fully described and the consideration fully and accurately set forth, and reference to same is here made as a part of this finding, which written contract may be found in the volume of exhibits. The consideration that H. O. Files agreed to pay for the Lubbock county lands was as follows: $5,220 paid by conveyance of the Eastland county lands; $8,000 assumed as owed to the Federal Land Bank of Houston; new notes aggregating $6,380.

"2. I find that both W. E. Spencer and J. E. Spencer represented to H. O. Files that the $8,000 indebtedness outstanding against the land in Lubbock county was all the indebtedness against same, and that J. E. Spencer made such representations in Eastland county. I find that H. O. Files relied upon such representations; that he believed same, and that he later made and executed his deed to the Eastland county, Tex., lands, and accepted a deed from W. E. Spencer to the Lubbock county lands so believing and relying on said representations, and that but for which he would not have made the exchange of lands. As a part of this finding reference is made to the deeds from W. E. Spencer and wife to H. O. Files conveying the Lubbock county lands and from H. O. Files and wife to W. E. Spencer covering the Eastland county lands, each of which deeds bear date of August 26, 1929, and are contained in the volume of exhibits sent up in this cause.

"3. I find that at the time of said exchange of deeds that the Lubbock county lands were charged with a judgment lien for the principal sum of $6,737.60 and cost in the sum of $381.85, and which judgment lien was a valid and subsisting lien and charge against said land at the time the contract of exchange was made and at the time the deeds of exchange were executed and delivered. As a part of this finding I refer to the abstract of judgment in the volume of exhibits in evidence in this cause.

"4. I find that H. O. Files did not know of the existence of the judgment lien against the land for which he had traded in Lubbock county; that, while he was away from home, his wife learned of it, and caused this suit to be filed immediately for cancellation and rescission in Eastland county, where the land now in controversy lies; that said suit was filed August 19, 1930, and that H. O. Files was then for the first time notified of the existence of the lien, and that he has since prosecuted his claim diligently for the cancellation and rescission of the said deed and deal.

"5. I find that the said H. O. Files has acted timely in bringing this suit, and that he has offered both by pleading and upon trial to do full equity in the premises.

"6. I find that the representation that the title to the Lubbock county land was free and clear of all indebtedness except as named in the contract and deeds of exchange and as made by both of the defendants W. E. Spencer and J. E. Spencer were material representations affecting every part and parcel of the Lubbock county lands, and I find that such representation as to title

in the respects named was not true. No evidence was introduced to show that the defendants knew such representations were untrue at the time they were made.

"7. I find that, while the Lubbock county land was in the name of W. E. Spencer, as a matter of fact J. E. Spencer was a joint owner in the Lubbock county lands, and after the exchange was jointly interested in the Eastland county lands, and that they were partners in all of said matters.

"8. I find that the Federal Farm Land Bank of Houston, at the date of the institution of this suit, and yet is a corporation doing business in Eastland county, Tex., with an agent in Eastland county, and that J. E. Spencer resided in Eastland county at the time of the institution of this suit and at all times since.

"9. I find that there was no promise made by the defendants W. E. Spencer and J. E. Spencer to procure a release of said judgment lien, and that nothing was done with reference thereto for more than a year after the institution of this suit and long after the plaintiff had yielded, the possession to the defendants of the Lubbock county lands, and no tender of a release is shown to have been made at any time until the unrecorded release of said judgment lien was offered in evidence upon the trial of this cause bearing date 'as fully shown by said instrument, filed with the exhibits, and here referred as a part of this finding.

"10. I find that the judgment which had been rendered against W. E. and J. E. Spencer was appealed from to the Court of Civil Appeals and to the Supreme Court of Texas, and was thereafter paid off, as shown by the release of judgment introduced by defendant, which was not recorded at the time of trial.

"11. I find that there was never at any time any evidence introduced to show that there was any threat of foreclosure or danger of foreclosure of the judgment lien during the pendency of the appeal nor at any time after the appeal, and before the release of judgment lien was obtained, excepting the filing of the judgment lien above referred to.

"12. I find that there was no evidence indicating that the defendant W. E. Spencer was insolvent or unable to respond in damages in the event that there had been an eviction or foreclosure of the judgment lien."

Upon these findings the court made the following conclusions of law:

"I conclude as a matter of law that the plea of privilege of the defendant W. E. Spencer should be overruled.

"I conclude as a matter of law that plaintiff cannot recover, since there was no evidence showing that there was at any time any danger or threat of eviction or that the plaintiff was not in any way handicapped, embarrassed, or molested by virtue of the abstracting of the judgment and because of the fact that there was no evidence showing insolvency of W. E. Spencer at any time or that he was unable to respond in damages should plaintiff have been evicted and have sued on the warranty.

"I therefore find that plaintiff should take nothing and that judgment should be entered for the defendant W. E. Spencer quieting his title as to the Eastland county lands."

The first question to determine is the effect, if any, to be given the fact that upon the trial of the case appellee offered in evidence a release of the judgment lien. This release was not tendered to appellant until same was offered in evidence upon the trial, more than a year after the institution of the suit, and long after appellant had yielded the possession of the Lubbock county lands to the appellee. In 7 Tex. Jur. p. 925, § 26, this rule is stated: "It appears' to be well settled that the right to cancellation on account of fraudulent representations may not be defeated by the defendant's making good his representations, the right being .tested by the principles applicable at the time of its exercise. In a case of rescission for fraudulent representations as to title, the right to rescind is not affected by the acquisition of a title after the right to rescind has been asserted."

In support of the text the cases of Adams v. Hill (Tex. Civ. App.) 149 S. W. 349 (error refused) and Hall v. Clountz, 26 Tex. Civ. App. 348, 63 S. W. 941 (error refused) are cited, to which we add Green v. Chandler, 25 Tex. 148, and Ross v. Haynes (Tex. Civ. App.) 196 S. W. 364, 365, in which latter case the question is disposed of in this language: "If, as found by us already, Haynes had the right to rescind the contract and to sue for the purchase money, as he elected to do, that right could not be destroyed by the subsequent tenders made upon the trial of the suit more than 17 months after the institution of the suit."

Upon these authorities we hold that no effect whatever can be given to the fact that appellee tendered a release of the judgment lien upon the trial, but the rights of the parties must be determined by the facts as they existed at the time appellant elected to exercise his right.

The trial court based its judgment, according to the conclusions of law, upon two grounds, namely: (1) There was no evidence showing danger or threat of eviction; and (2) there was no evidence showing the insolvency of appellee. The first ground cannot be upheld. It is a well-settled rule in this state that, where the vendor has fraud-

ulently misrepresented or concealed material facts as to his title, the vendee has the absolute right to rescind without waiting for an eviction or threat of eviction. In none of the many cases supporting this rule is it more clearly stated than by Justice Neill in Ramirez v. Barton (Tex. Civ. App.) 41 S. W. 508, 510, wherein he employs this language: "Ordinarily, in a suit to rescind an executed contract for the sale of land there should be alleged and proven a failure, in whole or in part, of the title to the premises, danger of eviction from the holder of the supreme title, and such facts as will prima facie repel the presumption that the vendor knew, when he purchased, the defect in the title, and assumed its risk. But when the vendor, by false and fraudulent representations as to a material matter, induced the vendee to purchase, and executed him a warranty deed, the vendee may, upon the discovery of the fraud, rescind the sale, and recover the purchase money, without waiting for eviction or relying on his warranty. Norris v. Ennis, 60 Tex. 83; Crayton v. Munger, 9 Tex. 285; Copeland v. Gorman, 19 Tex. 253; Rhode v. Alley, 27 Tex. 443; McIntyre v. De Long, 71 Tex. 86, 8 S. W. 622; Hays v. Bonner, 14 Tex. 629; 2 Warv. Vend. p. 917, § 1; Culbertson v. Blanchard 79 Tex. 486, 15 S. W. 700, 701; Breeding v. Flannery (Ky.) 14 S. W. 907."

In Black on Rescission and Cancellation, vol. 2, § 435, pages 1067, 1068, this precise question is dealt with. After announcing the general rule that a vendee in possession of land under a deed with covenants of warranty will not be entitled to rescind on the mere ground that there is a defect in the vendor's title unless he shows either an actual disturbance of his possession of an actual danger of eviction, concludes the discussion with this language: "But these rules do not apply where the vendor has fraudulently misrepresented or concealed the true state of his title. In such cases the vendee will be entitled to rescind without waiting for an eviction or disturbance of his possession."

In support of the text the author cites the Texas case from which we quoted above, and also Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Hurst v. Knight (Tex. Civ. App.) 164 S. W. 1072. In addition to the cases there cited and those cited in Ramirez v. Barton, supra, we cite the following: Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Corbett v. McGregor (Tex. Civ. App.) 84 S. W. 278; and the many cases cited in 7 Tex. Jur., pages 912–914.

Neither can the judgment be upheld upon the second ground. To hold that a vendee is entitled to the equitable relief of cancellation and rescission only when the vendor is insolvent would be to ignore the well-established rule that, under such circumstances, the vendee has an election of remedies. In Corbett v. McGregor, supra, this question is tersely disposed of in this language: "He has other remedies, but they are concurrent, and he cannot be compelled to take one of them instead of another."

The cause must be remanded to the lower court in order that equities may be adjusted. The record before us does not disclose whether appellee is the owner of the notes executed by appellant, and we are therefore unable to enter a judgment restoring the parties to their original status.

Reversed and remanded.

## On Rehearing.

Since our original opinion was written the Supreme Court has released an approved opinion by the Commission of Appeals in the case of Lane v. Cunningham, 58 S.W.(2d) 35, reversing the judgment of this court in the same case. Our opinion in that case is reported in 38 S.W.(2d) 906. In that case one of the false representations relied upon as constituting fraud justifying the action for rescission was that the property exchanged by Lane was unincumbered, when in fact there was an incumbrance for rent then due. upon same. Upon original hearing in that case we reversed the judgment of the trial court on the ground that there was no evidence or finding that the value of the farm parted with by Cunningham was less than the value of the things received by him. On rehearing we withdrew our original opinion and held that, since Cunningham showed that he was damaged in the exchange under the rule provided in article 4004, R. S. 1925, there was a sufficient showing of damage to support his action for rescission. It was our conclusion that, since there was provided by law a rule for the measurement of damages for fraud in dealings concerning lands, if a defrauded party in an action for rescission established that he had been damaged under the rule provided for measuring damages in suits for damages, he had discharged the burden resting upon him in a cancellation suit to show that he had suffered pecuniary damage. It was our view that the defrauded party had an election of remedies and could not be compelled to take one of them instead of the other. The Supreme Court did not agree with our conclusions, but, on the contrary, held that the rule for measuring damages in a suit at law for the recovery of damages for fraud is not the rule for determining whether or not a defrauded party has suffered damages of such nature as to obtain relief in a court of equity. In other words, a defrauded party may suffer substantial damage in law and no damage in equity.

That holding is determinative of the instant case contrary to our former determination thereof. In this case there is no show-

ing or finding that the value of the property parted with by Files was greater than the value of that which he received. Absent any evidence thereof, and the burden resting upon Files to establish his right of recovery, we cannot hold that there was any error in the judgment of the trial court. That judgment is correct, even though the conclusions of law of the trial judge may be erroneous.

It is accordingly our order that the motion for rehearing be granted, the judgment heretofore entered herein be set aside, and that the judgment of the trial court be affirmed.