## BROPHY v. LITTLE.
### No. 4200.

Court of Civil Appeals of Texas. Amarillo.
April 9, 1934.

Rehearing Denied May 7, 1934.

Jos. H. Aynesworth, of Borger, for appellant.

H. H. Smith, of Panhandle, for appellee.

MARTIN, Justice.

Appellant filed suit for a foreclosure of the unpaid balance of a $1,500 vendor's lien note, alleged to have been given as consideration for the conveyance of lot No. 46, block 13, Isom addition to the city of Borger. The date of the note and that of the conveyance of said property was alleged to be the 24th day of January, 1931. Said note of $1,500 was payable in monthly installments of $75 each, eight of which had been paid at the time suit was filed.

To this suit appellee answered and filed a cross-action against appellant in the nature of an equitable proceeding for rescission and cancellation of the said deed and note and asked for judgment for all money paid by him, with 6 per cent. interest thereon. His cross-action was based in the main upon fraud, and sufficiently alleged a cause of action, and to conserve space we reproduce only that paragraph pertaining to certain alleged misrepresentations around which the major legal controversy here revolves. It is as follows: "That plaintiff as an inducement to defendant to purchase the aforesaid lot, represented to defendant that he had and could convey a good title to said property; that he had and could convey to defendant an absolute and fee simple title therein; that said property was free from all liens and encumbrances; and that all mineral rights in and to said property, in the event he purchased, would likewise pass to the defendant."

His prayer is: "That on final hearing he have judgment cancelling the note herein sued upon by plaintiff, cancelling the deed executed by plaintiff and delivered defendant evidencing the conveyance of the property here in controversy, judgment against defendant for the $750.00, plus interest, previously paid plaintiff by him on the aforesaid note, and

equitable lien fixed in his favor against said property to secure the payment of such amount."

Appellant filed a supplemental petition pleading facts intended to show notice and knowledge of defects in the title by appellee prior to his purchase of the lot in controversy. Upon the trial the evidence in part showed that appellee in 1926 purchased lots 44 and 45, block 13, of the Isom addition to the town of Borger contiguous to the lot in controversy, and that his deed and contract both showed that all mineral rights had been reserved in both lots and that he knew this.

Respecting the alleged fraud, appellee testified, in part: "So he asked me did I want it at twenty-five-hundred dollars. I said no, I didn't want it, in fact we didn't need it now; that was more money than I could put into it as an investment; that our business had dropped off; we didn't need it as storage, and he made the statement that the mineral rights on there were worth the twenty-five-hundred dollars, and I told him that I didn't even want it at that even if they were worth that. So we talked on, in fact he did most of the talking. He was trying to sell me the place and he painted me a picture of how this oil business was coming back and what kind of business we should have, and so we talked on there I guess thirty or forty minutes; that was in the building adjoining, that is, that was in this building on lot forty-six; so I asked him, I says: 'Can you give me a fee simple title to this place, one free of incumbrances?' and he says, 'Yes I can.' I says, 'If you will, I will give you fifteen hundred dollars for the place if you will let me pay it out seventy-five dollars a month' and he says—well, he says, 'The oil rights is worth more money than that, but I am going to sell it to you,' so we walked in the office there and drew up a little contract. * * * Yes, it was the next day so we agreed to go have it drawn up, that is, the papers drawn up on it, and we come to your office, we come to your office and I remember you asking him what kind of papers he wanted made and he said a warranty deed, that he was selling me this place out here and you made the deed up and asked me was I—did I want to take the paper without having examined—take the deed without having the other part of it examined, the abstract or anything, and I said, 'Yes, sure, I will take Mr. Brophy's word on it,' so I relied on his word and took the warranty deed."

The evidence uncontradictedly shows that all mineral rights in and to said lot 46 belonged to a third party at the time of the conveyance by appellant to appellee, and that appellant knew this fact when he conveyed said lot by a general warranty deed to appellee in January, 1931, without any reservation of any kind. Appellee apparently got only the title to the surface of said lot, and this was burdened with certain easements to pipe line and telephone companies. Appellee specifically denied any knowledge or notice of these matters prior to his purchase, and claimed to rely solely and wholly on the representations of appellant already adverted to.

The trial was before the court, who entered judgment for appellee as prayed for.

One of appellant's major contentions is that appellee failed to either plead or prove that he had been evicted or was liable to be evicted by a superior outstanding title of which he had no notice at the time of his purchase, and therefore the court erroneously entered judgment for appellee.

The evidence was sufficient to support the implied finding of the trial court that appellee purchased without any notice of an outstanding title, and it is not necessary to sustain a cause of action for rescission and cancellation based upon fraud to show either eviction or threat of eviction. This is not an open question in Texas. We quote from the late case of Files v. Spencer (Tex. Civ. App.) 62 S.W.(2d) 161, 162:

"It is a well-settled rule in this state that, where the vendor has fraudulently misrepresented or concealed material facts as to his title, the vendee has the absolute right to rescind without waiting for an eviction or threat of eviction. In none of the many cases supporting this rule is it more clearly stated than by Justice Neill in Ramirez v. Barton (Tex. Civ. App.) 41 S. W. 508, 510, wherein he employs this language: 'Ordinarily, in a suit to rescind an executed contract for the sale of land there should be alleged and proven a failure, in whole or in part, of the title to the premises, danger of eviction from the holder of the supreme title, and such facts as will prima facie repel the presumption that the vendor knew, when he purchased, the defect in the title, and assumed its risk. But when the vendor, by false and fraudulent representations as to a material matter, induced the vendee to purchase, and executed him a warranty deed, the vendee may, upon the discovery of the fraud, rescind the sale, and recover the purchase money, without waiting for eviction or relying on his warranty. Norris v. Ennis, 60 Tex. 83; Crayton v. Munger, 9 Tex. 285; Copeland v. Gorman,

19 Tex. 253; Rhode v. Alley, 27 Tex. 443; McIntyre v. De Long, 71 Tex. 86, 8 S. W. 622; Hays v. Bonner, 14 Tex. 629; 2 Warv. Vend. p. 917, § 1; Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700, 701; Breeding v. Flannery (Ky.) 14 S. W. 907 [12 Ky. Law Rep. 609].'

"In Black on Rescission & Cancellation, vol. 2, § 435, pages 1067, 1068, this precise question is dealt with. After announcing the general rule that a vendee in possession of land under a deed with covenants of warranty will not be entitled to rescind on the mere ground that there is a defect in the vendor's title unless he shows either an actual disturbance of his possession of [or] an actual danger of eviction, concludes the discussion with this language: 'But these rules do not apply where the vendor has fraudulently misrepresented or concealed the true state of his title. In such cases the vendee will be entitled to rescind without waiting for an eviction or disturbance of his possession.'

"In support of the text the author cites the Texas case from which we quoted above, and also Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Hurst v. Knight (Tex. Civ. App.) 164 S. W. 1072. In addition to the cases there cited and those cited in Ramirez v. Barton, supra, we cite the following: Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Corbett v. McGregor (Tex. Civ. App.) 84 S. W. 278; and the many cases cited in 7 Tex. Jur., pages 912–914."

■ It is earnestly argued because the same defects claimed now to exist in the title to lot 46 existed also in the title to lots 44 and 45, purchased by appellee in 1926 and which he admitted having knowledge of, that therefore the implied finding of the court that appellee bought without knowledge or notice of the defect was erroneous, since such knowledge will be imputed to appellee from the aforesaid facts.

We cannot agree with this contention. He had a right, under the particular circumstances shown here, to rely upon the alleged representations of appellant concerning this title, and was under no duty to investigate their truth or falsity, and this even if he was then in possession of an abstract showing the true condition of the title. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. Lots 44 and 45, in which the above defects in the title are shown to exist and to have been known by appellee, were purchased from a different party five years before the present purchase. Knowledge of the defect in the title to lot 46 could not be imputed to appellee alone from such fact. It seems plain that at most only an issue of fact was made by such evidence.

Over one hundred cases are cited by appellant as sustaining his different theories. We have patiently examined a great number of these. All of them are distinguishable upon their facts. Not one of them which we have examined is an equitable proceeding for rescission and cancellation based upon fraud with facts which parallel the instant case. It would be a useless consumption of time and space to review these authorities. It is stated that the case of Hill et al., v. Ellsworth et al. (Tex. Com. App.) 35 S.W.(2d) 704, is one "almost identical in every respect" with the present case. The principles therein announced are not here applicable. The difference between the two cases will readily appear from a careful reading of the case cited.

The evidence amply sustains the judgment rendered, and it is affirmed.