### J. L. HOLDEN v. G. W. REED.

### G. W. REED v. J. L. HOLDEN.

#### Decided March 9, 1907.

**1.—Failure of Title—Abatement of Purchase Price.**

H. sold to R. three sections of land as one transaction for one stated consideration. The title to one of the sections failed. Held, that R. was entitled to an abatement in the purchase price according to the value of the section lost, and not merely one-third of the purchase price, in the absence of evidence that the sections were valued separately by the parties at the time of the purchase.

**2.—Deed—Mutual Mistake—Equitable Relief.**

The fact that a deed contained only a special warranty, conveyed only the right, title and interest of the grantor in the land, and in the granting clause used the terms "bargain, sell, release and forever quitclaim" will not preclude the grantee from equitable relief when there was a mutual mistake of a material fact which caused the deed to be executed and accepted.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*C. S. Williams* and *H. C. Randolph,* for appellant Holden.—A ven-

dee who has accepted a conveyance of the right, title and interest of his vendor in land can not recover on a plea of mistake upon a failure of title. Rhode v. Alley, 27 Texas Rep., 445; McIntyre v. DeLong, 71 Texas, 89.

Where a vendee accepts a conveyance of land containing a covenant that neither the grantor nor any one claiming under him should thereafter claim the land, and the conveyance contains no other covenant or warranty, he can not enlarge such covenant by a plea of mistake, so as to recover for a failure of title not covered by such covenant. Rhode v. Alley, 27 Texas, 445; McIntyre v. DeLong, 71 Texas, 89, 29 Am. St. Rep., 808, 82 Am. Dec., 237.

Where a transaction is free from fraud and misrepresentation, and mutual mistake alone is relied on for relief, rescission of the contract in full and cancellation of the written evidences of the contract is the proper remedy, and only remedy. Culbertson v. Blanchard, 79 Texas, 487; 20 Am. & Eng. Ency. of Law, title "Mistake" 825; 2 Pomeroy Equity Juris., sec. 870; 6 Pomeroy Equitable Remedies, sec. 675.

*H. C. Ferguson,* for appellee Reed.—The court correctly held that appellee was entitled to judgment for the value of the section of land that he had bought from appellant, to which he got neither title nor possession and which by a mutual mistake it was believed appellee was getting a good title to. Wheeler v. Boyd, 69 Texas, 298; Watson v. Baker, 71 Texas, 750; Moreland v. Atchison, 19 Texas, 308; Rancho Bonito Land Co. v. North, 92 Texas, 75; O'Connell v. Duke, 29 Texas, 309; Demarett v. Bennett, 29 Texas, 269.

The court having found as a fact that the defendant in error had sold three sections of land for $1,800 to plaintiff in error, representing that it was all school land and had been sold and awarded by the State to him, said Holden, and that he had obtained said sum of $1,800 in money and notes from plaintiff in error, who believed said statements to be true, and that one of said sections was not a school land section, but had been patented by the State of Texas long before to another party and did not belong to defendant in error and that it was a total loss to plaintiff in error, and that it was worth $800, the judgment of the court should have been for plaintiff in error for $800, the value of the land lost. Wheeler v. Boyd, 69 Texas, 298; Watson v. Baker, 71 Texas, 750; Moreland v. Atchison, 19 Texas, 308; O'Connell v. Duke, 29 Texas, 309; Demarett v. Bennett, 29 Texas, 269; Marsalis v. Crawford, 8 Texas Civ. App., 487; Bellamy v. McCarthy, 75 Texas, 294.

STEPHENS, Associate Justice.—J. L. Holden sold to G. W. Reed three sections of land in Lynn County for $1,800, of which sum $924.45 was paid in cash and the rest was included in three promissory notes, to secure which Reed gave a deed of trust on a section of land already owned by him. The three sections sold were represented and supposed to be school lands, but it afterwards developed that one of them, section 554, had been sold and patented to one L. L. Moore prior to the sale to Reed and even prior to the award to Holden, which had been made by mistake, of all which both Holden and Reed were ignorant at the date of the transaction between them. On discovering the mistake,

Reed brought suit against Holden, who still held the notes, to abate the purchase price by having a credit of $800, the alleged value of section 554, entered on the notes and to cancel the deed of trust and notes, offering to pay the remainder of the purchase price. Holden resisted this, but in the alternative claimed a rescission of the entire contract; in opposition to which Reed claimed that the sections to which he had acquired title had greatly increased in value and that he had made permanent and valuable improvements thereon. The case was tried without a jury, and the relief sought by Reed was granted to the extent of $600 instead of $800. From this judgment Holden took an appeal and Reed sued out a writ of error, which are now considered together, the same having been consolidated on motion to that effect.

Section 554, to which Holden had no title, the same having been patented to L. L. Moore long prior to Holden's application to purchase the same, of which fact both Holden and Reed were ignorant, was found by the court to have been a better section than either of the others, being worth at the time of the sale $800 while the other two sections were worth only $500 each. The court, however, made this further finding: "I find that the plaintiff paid and obligated himself to pay the defendant for said lands the sum of $1,800, and that there was no difference in the price or value of either of said sections by the terms of said trade and that $600 was paid and to be paid per section." We find nothing in the evidence to warrant the finding that "$600 was paid and to be paid per section," except the bare fact that the three sections were sold for the gross sum of $1,800, which, we think, did not warrant that inference. Nor do we find any evidence of a sale by the acre. The evidence warranted the finding that Reed had made improvements of the value of $252.50 on the other two sections before he ascertained that section 554 had been patented to another before Holden applied to purchase it.

The court did not err, as alleged in appellant's second and third assignments, in holding that Reed was entitled to relief on the ground of mutual mistake notwithstanding the form of conveyance made to him by Holden, treated in these assignments as a mere quitclaim. It was the usual form of transfer of such lands, conveying all his right, title and interest in and to the three sections of school land, with special warranty, using in the granting clause the following terms: "Bargain, sell, release and forever quitclaim." But whatever may have been the form of the conveyance, there was a mutual mistake of a material fact which caused it to be executed and accepted, and that, in equity, entitled Reed to relief.

Nor did the court err, as alleged in appellant's fourth assignment, in holding that Reed was entitled to relief notwithstanding the sale of the three sections was, as urged in this assignment, "one entire transaction," and for "one entire consideration." It has more than once been held in this State that abatement of the purchase price is appropriate relief in cases like this, even where the sale is in gross and not by the acre, as will be seen from the cases cited in opposition to this assignment.

We come now to the assignment made by plaintiff in error, who is also appellee, that the court erred in fixing the amount of the rebate at $600 instead of $800, and this assignment we sustain, since $800

was the proportionate value at the time of the sale of the section lost, as found by the court. No abatement less than that, therefore, would make the parties equal, and equality is equity. Judgment accordingly.

*Reversed and rendered.*