HOUSTON v. WM. CAMERON & CO., Inc.

(Court of Civil Appeals of Texas. March 9, 1911.)

COVENANTS (§ 100*)—COVENANT WARRANTING TITLE—BREACH—LIABILITY.

Where title to part of land conveyed by metes and bounds and described as a certain number of acres, more or less, fails, the grantor is liable on his covenant warranting title; it being immaterial whether the conveyance was in gross or by the acre.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 154; Dec. Dig. § 100.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by William Cameron & Company, Incorporated, against O. S. Houston, and others. From the judgment, said Houston appeals. Affirmed.

A. P. Young, for appellant. L. J. Truett, for appellee.

WILLSON, C. J. Appellee was the plaintiff in the court below. Its suit was against J. J. Blackwell and W. D. Ewers to try the title to 60 acres, more or less, of the T. A. Thompson survey in Erath county. Blackwell had purchased the land of J. H. Truett, deceased, and had conveyed a part of it to Ewers. Truett had purchased of M. B. and J. B. Vesey, who purchased of appellant. The deeds from appellant to Vesey, from Vesey to Truett, from Truett to Blackwell, and from Blackwell to Ewers each contained a covenant warranting the title to the land it purported to convey. Appellant, Vesey, and Truett's legal representatives were made parties to the suit; and a recovery was sought on their respective warranties, in the event of a recovery of the land by appellee. In that event Ewers also sought a recovery against Blackwell on his warranty. A trial before the court resulted in a judgment in favor of appellee against Blackwell and Ewers for the land sued for, in favor of Ewers against Blackwell on his warranty, and against appellant, Vesey, and Truett's estate, respectively, on the warranties in their respective deeds. Appellant alone complains of the judgment. He insists it is wrong so far as it adjudges a recovery against him, because his deed to Vesey "shows," quoting from his assignment of error, "upon its face that the land was conveyed as 2,573 acres, more or less, and was in bulk or gross, and not by the acre, and there had been no breach of the warranty contained in said deed."

It appears from the statement of facts that at the trial it was agreed between all the parties "that the land sued for by plaintiff and described in plaintiff's petition is in fact a part of said Thompson survey, and is embraced within the deed and within the field notes of the deed from O. S. Houston to Marion B. Vesey hereinafter described, and in the deed from Marion B. Vesey and husband, J. B. Vesey, to J. H. Truett, hereinafter described, and in the deed from J. H. Truett to J. J. Blackwell, hereinafter described." As the effect of appellant's admission by this agreement was to establish as a fact, for the purposes of the trial, that the land recovered in the suit by appellee was a part of the land he had conveyed by his deed, we are unable to understand why it should make a difference, so far as his liability on his covenant warranting the title is concerned, whether his conveyance of the 2,573 acres was in gross or by the acre. His warranty of title extended to all the land embraced within the metes and bounds of the tract his deed purported to convey. If he did not have, and therefore by his deed failed to convey to his grantee, any part of that land—whether the part he failed to convey was one acre or a thousand acres—he breached his contract and became liable to his grantee for the damages thereby occasioned to him. The rule invoked by appellant applies where the conveyance is of a tract in gross, the title to all of which passes to the grantee, but which is found to contain within the description thereof given in the deed a less quantity of land than it was represented by the grantor to contain. The rule has no application in a case like this one, where the deed of the grantor fails to convey to the grantee title to a part of the land it purports to convey. Bellamy v. McCarthy, 75 Tex. 293, 12 S. W. 849; Holden v. Reed, 45 Tex. Civ. App. 465, 101 S. W. 288.

There is no error in the judgment, and therefore it is affirmed.