No. 5469.

M. J. Doyle *v.* F. P. Hord.

1. Breach of Warranty—Vendor and Vendee.—When land is sold and accurately described in a warranty deed by metes and bounds, which embrace the number of acres purchased, and it is found that a portion of land described is embraced within the limits of an older and superior grant, the result is a partial breach of the warranty, and the purchaser is entitled to have an outstanding negotiable promissory note given for purchase money canceled, and to have such part of the purchase money paid returned as would be equal to the excess paid over the value of the land to which appellee took title through the conveyance. This rule announced as applicable to cases where the deficiency was not known when the conveyance was made.

2. Same.—In such a case, it is not necessary that the purchaser should offer to surrender the deed and to deliver possession of the land before he can have relief; he may retain so much of the land as his deed entitles him to, and enforce reclamation if he has overpaid, to the extent pro rata of the land to which title has failed.

3. Outstanding Title.—Nor is it necessary that he should show in whom the superior title to the conflict vested when the purchase was made. It is enough to show that superior titles had issued for the amount of the deficiency before the sale, which prima facie would be regarded as outstanding as against the vendor at the time and since the execution of the deed by him

Appeal from Bexar. Tried below before the Hon. G. H. Noonan.

*Hancock & Shelley*, for appellant: That the demurrer to the petition should have been sustained, they cited Demaret v. Bennett, 29 Texas, 267; Bryan v. Johnson, 39 Texas, 33; Smith v. Nolen, 21 Texas, 497.

They also cited Woodward v. Rodgers, 20 Texas, 176; Cook v. Jackson, 20 Texas, 210; Cooper v. Singleton, 19 Texas, 261; Story's Equity Jurisprudence, sections 144, 150; Dalton v. Rust, 22 Texas, 133; 44 Texas, 455; 45 Texas, 396; Weir v. McGee, 25 Texas Supplement, 30.

*Simpson & James*, and *Ogden, Ogden & Johnson*, for appellee: On their proposition that it is settled in this State that a purchaser of land under an executory agreement, in case the title to

a portion of the land fails, is entitled to have the contract specifically performed as far as the vendor can perform it, and have an abatement out of the purchase money or compensation for any deficiency in the title, quantity, quality, description, and other matters touching the property, they cited Heirs of Roberts v. Lovejoy, 60 Texas, 257; Austin v. Ewell, 25 Texas Supplement, 404; O'Connell v. Duke, 29 Texas, 310; Daughtrey v. Knolle, 44 Texas, 455; Farenholt v. Perry, 29 Texas, 316.

STAYTON, ASSOCIATE JUSTICE. The appellant sold and conveyed to the appellee, by deed with general warranty, a tract of land granted to heirs of Hubertus Maurer. The deed refered to the patent which was for six hundred and forty acres, described by metes and bounds, the field notes of which, however, did not call for natural objects by which the grant could be identified and the artificial objects (mounds and stakes) were never found. The survey on which the patent issued was made in 1874, but was probably simply an adoption of a location and survey made in 1857 for Phillip Lyon, which had been abandoned.

Before the location under which the appellant claimed was made, two other surveys were made which ultimated in patents, and the lands covered by them embraced at least three hundred and eighty and seventy-five one hundredths acres of the land located by and patented to the heirs of Hubertus Maurer.

The appellee agreed to pay twelve hundred and eighty dollars for the six hundred and forty acres of land, and of this he paid one-half at the time of the purchase, and for the residue he gave his negotiable promissory note for the same sum, due two years after its date. The deed to the appellee was made on December 7, 1882, and it retained a lien for the purchase money unpaid.

This suit was brought February 5, 1883, to cancel the outstanding note alleged then to be still in the hands of the appellant, and to recover the excess of money paid, allowing two dollars per acre for all the Maurer grant not in conflict with the elder titles. The appellee also alleged that he had purchased one of the elder titles and all of the south part of the other, which embraced all the land in conflict with the Maurer grant, before he purchased that grant from the appellant.

Demurrers to the petition were filed and overruled, and it is urged that this was error. The deed made by the appellant, in terms, when considered in connection with the patent, made a part of it, conveyed six hundred and forty acres of land by

metes and bounds susceptible of accurate ascertainment. Those metes and bounds embraced six hundred and forty acres of land, and if any part of the land so meted and bounded was embraced in an elder and superior grant, then there was a partial breach of the warranty, which entitled the appellee to have the outstanding negotiable promissory note canceled, and to have such part of the purchase money paid returned as would be equal to the excess paid over the value of the land to which the appellee took title through the conveyance.

There is nothing in the petition to indicate that the appellee took any risk as to the title to any part of the land bought by him; on the contrary, the very purpose of the warranty was to secure him against any such risk. While the boundaries of the land conveyed were capable of accurate ascertainment, this could only be accomplished by surveys to be made from other surveys, whose locations were fixed by natural or artificial objects found on the ground and called for in the patents to them. There is nothing in the case to give application to the rule that an express warranty will not be applied to cover an open or known defect with reference to which parties have contracted.

That the appellee may have owned and been in possession of the superior grants which embraced a part of the land conveyed to him by the appellant, is unimportant as the case is presented.

It was not necessary that the appellee should have offered to surrender the deed made to him, and to surrender the land before he could have relief. It was his right to hold so much of the land as the deed gave title to, and to be protected, as he asked, in so far as it was necessary, on account of defect of title, to a part of the land.

On the trial the appellee did not show title in himself to so much of the two superior titles as embraced a part of the land conveyed to him by the appellant, but he did show that these were the superior titles, and prima facie that they were outstanding as against the appellant at the time, and since he made the deed with warranty.

This was enough to entitle him to the relief sought, and if the appellant desired to show that such was not their character, he was at liberty to do so. The evidence of a surveyor who made a survey, for the purpose of ascertaining whether the Maurer grant conflicted with the superior title set up by the appellee, and to ascertain the extent of the conflict, shows very clearly

that the conflict was greater than. alleged by the appellee, and this was not contradicted by other evidence, but the relief given was in accordance with the averments and prayer of the petition.

There is no claim that the part of the land not embraced in the conflict was of any greater value per acre than was the part so embraced.

So standing the case, it can not be said that the appellee was not entitled to the judgment rendered in his favor, and the judgment must be affirmed.   It is so ordered.

*Affirmed.*

Opinion delivered April 12, 1887.