R. H. BELLAMY v. JUSTIN McCARTHY.

No. 2894.

1. **Order of Survey.**—A report of survey made under an order of survey is admissible in evidence only in actions of trespass to try title.

2. **Costs.**—In a suit on note and to foreclose a lien on land, if a moneyed judgment with decree of foreclosure be entered for plaintiff it carries all costs against the defendant, including such as may have been incurred at his instance.

3. **Description—Pleading.**—A deed for a designated number of acres of land, "more or less," is a conveyance of the land embraced in the description, and not of a designated quantity. If a diminution in quantity results from a conflict in part between the land embraced in the calls and other land adversely held under superior title, and the purchaser seeks relief against his vendor, he must aver the facts in his pleading.

ERROR from Panola.    Tried below before Hon. J. G. Hazlewood.
The opinion states the case.

*Drury Field,* for plaintiff in error. — 1.    The report of a surveyor is not admissible as evidence in any case save that of an action of trespass to try title to land.

2.    The court erred in overruling plaintiff's motion for a new trial, and a new trial should have been granted on the grounds stated in said motion.

*J. G. Hazlewood,* for defendant in error.—The testimony shows that independent of the surveyor's report, if need be, there was only 123 acres of the land, and that the evidence supports the verdict.    Duke v. O'Connell, 29 Texas, 299, and authorities cited; Wheeler v. Boyd, 69 Texas, 294.

HENRY, ASSOCIATE JUSTICE.—Appellant sued to recover the balance of the purchase money of a tract of land and to foreclose a vendor's lien.

The land sold is described in the deed by metes and bounds, and the number of acres conveyed is designated as one hundred and seventy acres, "more or less." The deed contains a clause of general warranty of title.

The defense set up by the answer was that at the time of the purchase of the land plaintiff represented to defendant that the tract contained one

hundred and seventy acres; that defendant was ignorant of the quantity and relied on plaintiff's representations, and purchased it believing that it contained one hundred and seventy acres, whereas in fact it only contained one hundred and twenty-three and twenty-seven one-hundredths acres; that the purchase money ought to be abated $137.38 on account of the deficiency, which, with the payments made by defendant, will reduce the amount due to plaintiff to nineteen dollars, which defendant offers in full discharge of plaintiff's demand.

In this state of the pleadings the court, at the instance of the defendant, made an order for a survey of the land, and when it had been made admitted a report of it in evidence over the objections of plaintiff.

In the case of Wheeler v. Boyd, 69 Texas, 294, this court decided that the law only authorizes that proceeding in actions of trespass to try title.

The record before us shows that the surveyor did not survey the tract of land described in the deed from plaintiff to defendant, but surveyed only part of it, for the reason assigned by him that if he had followed the calls of the deed the land would have conflicted with land owned and in the possession of other parties; wherefore he only surveyed so much of the land described in the deed as was unclaimed by other parties, from which proceeding the result followed that the land as surveyed by him fell short of the quantity described in the deed.

On the verdict of a jury the court entered judgment in favor of plaintiff for twenty-three dollars and foreclosing vendor's lien on the land described in the report of the surveyor.

The defendant was adjudged to pay cost of filing petition, issuing and serving citations, entering final judgment, "and all the ordinary costs of this suit," and plaintiff was adjudged to pay all other costs, including cost of making and executing order of survey and witness fees. This was error; plaintiff was entitled to a judgment for all costs.

We think the case was tried upon an entire misconception of the issue involved.

It is clear that the land was sold by the tract, or in bulk, and not by the acre. But, notwithstanding this, if part of the land included in the description of the deed from plaintiff to defendant is held by an adverse and superior title, so as that the possession and title is lost to defendant, he may obtain relief if he will properly make that issue in his pleadings and sustain it by testimony.

His answer, on which he went to trial, contained no such allegation; and if it had been pleaded, the evidence fails to show that part of the land included in his deed is held by a superior adverse title.

As the deed shows a sale in gross and not by the acre, if the defendant desires to bring his case within the rules that grant relief in such cases on account of fraud or mistake he may do so, but then the quantity conveyed by the deed must be determined by the calls in the deed, un-

affected by the question whether the land described conflicts with a better title. If on the other hand the defense desired to be made is not that there is a deficiency in the quantity of land described in the deed, but that by reason of the land so described being in conflict with land held by a better title part of the land conveyed is lost to the defendant, the facts should be alleged and proved entitling defendant to relief in that character of case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 3, 1889.