### J. R. MORRIS v. J. M. BROWN.

Decided February 11, 1905.

**1.—Note—Failure of Consideration and of Title to Land—Pleading.**

In an action on a note given for the purchase price of land, the defendant's plea of failure of consideration was sufficient where it alleged that the vendor represented that he had good title to the land when, in fact, he had none, and that defendant bought believing such representations to be true, and that he was without knowledge of their falsity.

**2.—Same—Offer to Return Land.**

The defendant having already paid the larger part of the purchase money, and erected permanent and valuable improvements on the land, and there being no effort on the part of plaintiff, an assignee of the note, to rescind the entire

sale, it was not necessary for defendant to offer to reconvey the land. Distinguishing Ogburn v. Whitlow, 80 Texas, 239, and other cases.

**3.—Same—Eviction Need not be Shown.**

In showing that the title to the land had failed, thus establishing a defense to the note, it was not necessary for defendant to show an actual eviction, it being sufficient to show an outstanding title, with danger of eviction.

**4.—Same—Relying on Representations—Record Title.**

Although the vendor was without record title to the land, yet the purchaser, without searching the records, had the right to rely upon his representations that he had a good title.

**5.—Same—Innocent Purchaser of Note.**

Plaintiff's claim that he was an innocent purchaser of the note before its maturity could not avail as a basis for excluding evidence to show failure of its consideration and of title to the land where defendant's pleadings and evidence raised the issue of plaintiff's ownership of the note and of his being a purchaser thereof without notice.

**6.—Same—Ownership of Note—Special Issue—Evidence.**

Although no witness testified specifically that the note was left by the payee with plaintiff for safe keeping only, yet a special finding by the jury to that effect was warranted by evidence tending to show that plaintiff's possession of the note was not that of a purchaser before maturity, and for value, and that he, in fact, was not the real beneficial owner of the note.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*B. M. Estes, Thos. D. Sporer* and *H. P. Jones,* for appellant.—1. Appellees, in their answers, seek to cancel the note sued on, but do not offer to do equity by reconveying the land in controversy. They simply seek to cancel the note, retaining the deed intact, and the possession of the land. Knight v. Coleman Co., 51 S. W. Rep., 258; Ogburn v. Whitlow, 80 Texas, 239; Johnson v. Long, 27 Texas, 21; Haralson v. Langford, 66 Texas, 111; Cooper v. Singleton, 19 Texas, 260; Balbridge v. Cook, 27 Texas, 566; Moore v. Vogel, 54 S. W. Rep., 1061; Claiborn v. Yoeman, 15 Texas, 47.

2. Appellee Brown was compelled to take knowledge of the defects in the chain of the record title to the land; he can only escape therefrom by showing that such defects were concealed from him by his vendor, Rucker. Haralson v. Langford, 66 Texas, 113; Tarlton v. Daily, 55 Texas, 94, 95; Flanagan v. West, 13 Texas, 209.

3. It was not sufficient for appellees to allege and prove superior outstanding title. They must feel its pressure, and they can not presume that they will be disturbed. Jones v. Paul, 59 Texas, 47; Branch v. Baker, 70 Texas, 196; Land Co. v. North, 92 Texas, 75.

*Nicholson & Fitzgerald,* for appellees.—1. When the vendee under a general warranty deed is sued on a purchase-money note, and he shows that, through the fraud of his vendor he purchased the same, believing that he was getting a good title thereto, and it is shown from the evidence that the vendor had no title to the land, and no right to convey it, then it is not incumbent upon the vendee to offer to restore the land, in order to defeat the purchase-money note. Stillman v. Canales, 25 Texas,

313; Cooper v. Singleton, 19 Texas, 260; Mitchell v. Zimmerman, 4 Texas, 38.

2. The holder of a note, without value paid therefor, is charged with notice of the facts which attended its execution, and the equities to which it was subject in the hands of the original payee can be plead, proven and allowed. Davis v. Sittig, 65 Texas, 500.

CONNER, CHIEF JUSTICE.—On May 5, 1893, appellee, J. M. Brown, purchased from one G. A. Rucker six hundred and forty acres of land situated in Jack County and patented to the heirs of Francis Peterswick. Rucker gave a deed in the usual form, containing general warranty clause. As consideration therefor appellee gave his promissory note for $2,000. The deed was duly recorded in Jack County, and appellee thereunder and by virtue thereof went into possession of the land, which was then unoccupied and unimproved, and since has continuously remained in possession thereof, using, cultivating and paying all taxes thereon. On August 10, 1897, Rucker and appellee had a settlement, and it was ascertained that there was due Rucker, as the unpaid balance of said $2,000 note, the sum of $840, for the payment of which appellee executed the following promissory note, written on the back of said $2,000 note, to wit:

"The State of Texas,  }
   "Jack County.       }
   "I have this day sold to J. M. Brown the Peter Peterswick survey, in Jack County, for the sum of eight hundred and forty dollars ($840), payable to G. A. Rucker, or bearer, the 1st of January, 1898, with ten percent interest from date. This note is given in lieu of one given and dated the 3d of May, 1893, for the sum of two thousand dollars. This the 7th of August, 1897.

                          "(Signed)    J. M. Brown."

Written below this note, and on the same paper, and on the same side of the sheet, is the following statement: "I received the above note from J. M. Brown for the sum of eight hundred and forty dollars, in lieu of the note given on the 3d of May, 1893. August 7, 1897. (Signed) G. A. Rucker."

The note copied not having been paid, this suit was instituted by the appellant, J. R. Morris, on the 30th day of December, 1901. The trial, which was had on March 28, 1904, resulted in a judgment for appellee, and hence this appeal.

Appellant, in his petition, besides other necessary averments, alleged that he had purchased the note sued on in due course of trade on or about August 15, 1897, for a valuable consideration paid to Rucker, and "that said Rucker then and there delivered said note to him, and he is now the legal and equitable owner and holder thereof."

Appellee defended on the ground that the note was without consideration, in that it, as well as its antecedent, had been procured upon the false and fraudulent representation of G. A. Rucker to the effect that he was the owner of the land for which said notes had been given, and had

good title thereto. It was also averred that appellant was not the owner of the note sued on, but that it was owned by the heirs of G. A. Rucker, then deceased, and that appellee relied upon the representations made. Appellee, however, made no offer to surrender possession, and the allegations tending to show probability of eviction were that the land had been patented to the heirs of Francis Peterswick, in whose name it still stood upon the records, and that said heirs had, on the 26th of February, 1902, instituted suit therefor, the suit, however, having been subsequently dismissed.

The case was submitted on special issues, in answer to which the jury found, in substance, among other things, that Rucker, at the time he sold the land to appellee, had no title thereto, and had never thereafter acquired title, but that, notwithstanding this, Rucker represented to appellee at the time that he (Rucker) did have good title to the land involved; that appellee, Brown, believed and relied upon said representations. The jury further found that, while appellant obtained possession of the note sued upon prior to the day of its maturity, January 1, 1898, that it had been left by Rucker with appellant for safe-keeping merely, and not in payment of a debt, as claimed by appellant, nor as security for any debt. Appellee also testified that, at the time of the settlement and of the execution of the notes sued on, he was without knowledge of Rucker's want of title, but, having soon thereafter for the first time discovered it, he refused to make further payment until the title was perfected, which Rucker promised to do, but which, in fact, was never done. There was also evidence tending to show that Rucker died insolvent, and the jury so found.

We find nothing requiring particular discussion, and will therefore briefly dispose of the assignments in a general way.

We think appellee's petition sufficiently specific in its averments of fraud. It was alleged that Rucker represented that he had good title to the land for which the notes in question were given, when he, in fact, had none, and that appellee bought believing such representations to be true, and that he was without knowledge of their falsity. Such averments, in substance, were held to be sufficient in the case of Hayes v. Bonner (14 Texas, 629), and we see no reason to doubt the conclusion. Nor do we think it was necessary, under the averments of appellee's answer that he should offer to reconvey the land. According to the allegations of the answer appellant was a naked holder of the note sued upon, without beneficial interest in either land or note. He was not a party to the conveyance of the land, and neither the heirs nor legal representatives of Rucker were parties to the suit, and it is difficult to see any right in appellant to demand a reconveyance. Moreover, as shown in the answer, appellee, by virtue of the Rucker conveyance, was fraudulently induced to enter into possession of unimproved land that Rucker had no right whatever to convey, and to which an undoubted outstanding legal title existed; to make permanent and valuable improvements thereon; to pay about $1,200 thereon, and neither party is seeking a total rescission. Appellee does not seek recovery for the money paid, showing the insolvency of Rucker's estate. He, in effect, seeks merely to avoid any further payment by virtue of a note having no consideration what-

ever. We think in these, and perhaps other particulars, this case is to be distinguished from the case of Knight v. Coleman County (51 S. W. Rep., 258) ; Ogburn v. Whitlow (80 Texas, 239) ; Cooper v. Singleton (19 Texas, 260) ; Smith v. Nolen (21 Texas, 497), and other cases relied upon by appellant as authority for the proposition that, before appellee in this case could be accorded the specific relief he seeks, he should tender a reconveyance of the land involved in the controversy. (See Doyle v. Hord, 67 Texas, 621; Gass v. Sanger, 30 S. W. Rep., 502; Groesbeck v. Harris, 82 Texas, 411; Paschal v. Penry, 82 Texas, 673; Brown v. Montgomery, 89 Texas, 250.)

Appellant also complains that appellee's answer fails to show eviction. Authorities already cited establish the proposition that, in order to defend against a recovery on a note executed under the circumstances herein alleged, it is not necessary in all cases to show actual eviction; if a prior outstanding title be shown, with danger of eviction, it is sufficient. Appellee undoubtedly alleged a prior outstanding title, and showed that the very persons to whom the patent to the land in controversy had been issued had but shortly prior thereto instituted suit for recovery of the land, and there is nothing in the answer which shows that appellee had acquired title by limitation, it not appearing that the heirs of Peterswick were subject to the law of limitation. And if it be true, as established by the case of Hayes v. Bonner, supra, that appellee had the right to rely upon Rucker's representation that he had good title, then it must follow that no legal duty rested upon appellee to search the records, or otherwise exercise diligence in ascertainment of the fact that Rucker was without title. The records, indeed, may not have shown title in Rucker, and yet he may have had good title, and appellee had the right to rely upon his representation that he did have. Other propositions may be involved in the objections to appellee's answer, but we think what we have stated sufficiently disposes of all of the assignments relating thereto, which are accordingly overruled.

What we have said we think also applies to many other questions in the case. If the averment that Rucker falsely represented that he had good title, etc., is sufficient as a matter of pleading, it necessarily follows that appellee would have the right to prove the same, and the fifth assignment, objecting to the testimony of appellee in support of this averment, must therefore be overruled. As also the objection to the testimony of appellee, that he relied upon the representations of Rucker, and believed them to be true. The objection to this testimony is that Morris, being an innocent holder of the note sued on, and having acquired the same before maturity without notice of any defect therein, such testimony was immaterial. Appellee, however, by his pleading, and by the proof, raised the issue of appellant's ownership of the note sued upon, and also averred that if appellant acquired the note before maturity that he was not a purchaser for value, and had full notice of the defect therein. The issue thus raised was for the jury, and the evidence, therefore, certainly admissible. We also think that the letter of Rucker to appellee, dated January 11, 1898, was relevant to the issue of appellant's asserted ownership of the note sued upon. This letter was dated long after appellant claims to have purchased the note in question, and after its maturity even, and tends to show that appellee did not buy in-

tending to take the risk of title, and when considered, together with other evidence on that issue, tends, perhaps, to also show that Rucker was still asserting right to the completion of the contract. The letter certainly contains an express promise, as alleged in appellee's answer, to perfect the title, "so that it will abstract, and you (appellee) will or can borrow money on it."

It also follows, from what we have said, that objections to the submission of the second issue, seeking findings as to whether Rucker had title, and as to whether he made the representations alleged, and whether appellee relied thereupon; and to the submission of the fourth and fifth special issues, inviting findings as to whether appellant purchased the note in controversy, the date of its purchase, the purpose with which it had been left with appellant, and the consideration, if anything, he paid therefor, should all be overruled.

The answers of the jury to the special issues have been given, and objections are urged thereto. None of the assignments relating to the findings of the jury, however, call upon us to determine the sufficiency of the evidence to support the findings, except in one particular. It is urged that "there is no evidence in this case showing, or even tending to show, that the note in suit was left with Morris for safe-keeping. No witness testified to this fact." While it is true that no witness so stated specifically, yet we think the testimony as a whole, which we will not encumber the record by setting out, tended to show that appellant's possession of the note sued upon was not that of a purchaser before maturity and for a valuable consideration, and that he, in fact, was not the real beneficial owner of the note. These were the material issues on this branch of the case, and the answers of the jury were simple forms of the findings sought and of excluding any right in appellant to the enforcement of the note, regardless of the defenses thereto set up by appellee.

Having concluded that no reversible error has been presented by the assignments, and that the judgment should be affirmed upon the verdict of the jury on the special issues, and upon the evidence, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.