SMITH et al. v. McGLOTHLIN et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 8, 1913.)

1. COVENANTS (§ 100*)—WARRANTY OF TITLE —BREACH.

Where the land as described in the deed included 35 acres and the parties thought that the tract included 35 acres, when, in fact, there were only 22 acres, there was a failure of title as to thirteen acres, and not merely a deficiency of quantity.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 139–155; Dec. Dig. § 100.*]

2. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR.

Error in an action on a vendor's lien note transferred to plaintiff in holding that plaintiff was not an innocent holder of the note was immaterial, where it was admitted that plaintiff had received the amount of the note from the vendor, who was, in turn, liable to his vendee for a shortage in the land.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Miss E. H. Smith against W. P. McGlothlin, in which defendant vouched in J. W. Thompson and others. From a judgment against plaintiff and for the original defendant against Thompson, plaintiff and Thompson appeal. Affirmed.

Jeff Word, of Dallas, for appellants. Geo. A. Titterington, of Dallas, and W. R. Booth, of Ft. Worth, for appellees.

RAINEY, C. J. Appellant Smith brought suit against appellee McGlothlin to recover on a vendor's lien note for $200, and to foreclose the lien on a certain tract of land deeded by J. W. Thompson to McGlothlin, and which note was transferred to appellant Smith by said Thompson.

McGlothlin answered, vouching in J. W. Thompson, Amanda, John T., Luther, Earnest, and Annie Smith, the last a minor (these Smiths no kin to appellant Smith), herein called respondents, and, in effect, alleged that Thompson by warranty deed sold to him 35 acres of land out of the Baugh survey, for which he paid $200 cash and executed to Thompson two promissory notes for $200 each, one of which has been since paid; that he has been able to get possession of only 22 acres of said land, the balance, 13 acres, lying east being held and possessed by respondents, and is lost to him; that Thompson is not only now the owner of the note, but is and has been since the sale to defendant the agent and attorney in fact for appellant Smith in all matters growing out of or touching the transfer of said note;

that respondents are setting up claim to 13 acres of said land, etc., and prays that he be allowed a credit on said note to the extent of the 13 acres lost to him at $17.14 per acre. Respondents pleaded the general denial, and specially that they own 55 acres of the Baugh survey lying immediately east of the land sold by Thompson to McGlothlin, and that none of said 13 acres lies within said 55 acres, and also pleaded five and ten years statutes of limitation. J. W. Thompson answered by general denial and two years limitation against the action in favor of McGlothlin on the warranty. A jury being waived, the court rendered judgment that appellant E. H. Smith take nothing; that respondents (Amanda Smith et al.), be quieted in their title to said 13 acres; that the note sued on be canceled and held for naught; and that appellee W. P. McGlothlin recover of J. W. Thompson the sum of $22.82, with 6 per cent. interest. Plaintiff E. H. Smith and J. W. Thompson appeal.

It clearly appears that Thompson sold to McGlothlin 35 acres of land out of the east end of the Baugh survey, bounded on the south by Trinity river. The northwest corner of the Baugh survey, the beginning corner of the land sold by Thompson, is 302 varas east of where the said corner of said land was supposed to be. The land of the Baugh survey, just west of the land sold by Thompson, had been sold many years before to the husband of Amanda Smith, who settled and raised a family thereon, and held it, if not by superior title, by the statutes of limitation. These conditions reduced the acreage of the Thompson land from 35 acres to 22 acres, which leaves McGlothlin with a loss of 13 acres. Appellant makes no complaint of the judgment in favor of the respondents Smith. They concede that the land claimed and possessed by respondents is no part of the 35 acres sold by Thompson to McGlothlin. The land sold by Thompson only extends east to the land claimed by the Smiths, and known as the Belknap tract. But it is contended that the 35 acres was originally surveyed to begin at a point 302 varas west of the northwest corner of the Baugh survey, and, if so surveyed, the quantity of land called for in Thompson's deed, 35 acres, can be found, and there will be no discrepancy. The proof, however, shows that in surveying the 35 acres the surveyors began at the wrong place, and a true survey leaves 13 acres short in the Thompson tract. The appellant assigns the following error, viz.: "The court erred in holding and decreeing that said McGlothlin was entitled to recover on the warranty contained in this defendant's said deed to him, and in holding that his claim, if any he had, was not barred by the statute of limitation, because the warranty did not cover any deficiency in the amount of land, and more than two years had elapsed before McGlothlin made any claim, and because said McGlothlin's claim against this defendant was because of want of title in defendant, and not on account of deficiency in quantity of land."

[1] It is clear to us that there was a failure of the title to 13 acres in the deed from Thompson to McGlothlin. The deed called for 35 acres, and McGlothlin obtained only 22 acres, sustaining a loss of 13 acres. But it is insisted that there was no failure of title, but a deficiency of quantity. The land, as described, in the deed, embraced 35 acres. McGlothlin bought it for 35 acres. Thompson evidently thought there was approximately that many acres, and we can reach no other conclusion but that there was a failure of title to the extent of the deficit for which McGlothlin was entitled to relief by a recovery from Thompson. In the case of Doyle v. Hord, 67 Tex. 621, 4 S. W. 241, where the action was brought to cancel outstanding notes given for the purchase price of land on the ground that the land purchased and conveyed by metes and bounds and susceptible of accurate ascertainment was in conflict with other land held by superior title, which lessened the quantity of land purchased and for which the note was given, it was held there was a partial failure of title and a breach of the warranty. Mr. Justice Stayton, speaking for the court, said: "The deed made by appellant, in terms, when considered in connection with the patent, made a part of it, conveyed 640 acres of land by metes and bounds susceptible of accurate ascertainment. Those metes and bounds embraced 640 acres of land, and, if any part of the land so meted and bounded was embraced in an elder and superior grant, then there was a partial breach of the warranty, which entitled the appellee to have the outstanding negotiable promissory note canceled, and to have such part of the purchase money paid returned as would be equal to the excess paid over the value of the land to which the appellee took title through the conveyance. There is nothing in the petition to indicate that the appellee took any risk as to the title to any part of the land bought by him; on the contrary, the very purpose of the warranty was to secure him against any such risk. While the boundaries of the land conveyed were capable of accurate ascertainment, this could only be accomplished by surveys to be made from other surveys, whose locations were fixed by natural or artificial objects found on the ground and called for in the patents to them. There is nothing in the case to give application to the rule that an express warranty will not be applied to cover an open or known defect with reference to which parties have contracted." The foregoing case in principle is precisely analogous to the instant case, and settles the rule adversely to appellant's contention. In the case of Daughtrey v. Knolle, 44 Tex. 451, cited by appellants in support of their contention, Mr. Justice Moore, in writing the opinion, said, in speaking of the right to recover for

a deficit in quantity: "It is equally clear, when the purchaser complains that the deed does not convey the quantity of land for which he has paid, his action cannot be founded upon a mere covenant to warrant the title to the land conveyed." In the Daughtrey Case the facts show the land was sold in gross, and "described as lot No. 4 in the division, etc., being the 498 acres out of a tract designated in the plat of said Daughtrey tract in Austin county as No. 4, containing 646 acres, and being the balance left after taking off the 148 acres, as set forth in share No. 2 in the division of said estate." It is also shown that the party got the land specified in the deed, but when surveyed according to the description in the deed it fell short 27 acres, being less than the number of acres it was stated to contain. The Daughtrey Case is a different case from the one at bar, and is not applicable in the facts and does not govern.

[2] Contention is made that the court erred in holding that appellant Smith was not an innocent holder of the note, and in not rendering judgment for her. This we think is immaterial as the facts show that Thompson is liable to McGlothlin for the shortage in the land, and, if the judgment of the court was reversed for this reason, we would render judgment in her favor against McGlothlin, and over against Thompson for the amount of the note. But, as the attorney for appellants in oral argument stated that appellant Smith had received the amount of the note from Thompson, it would be a useless thing for this court to disturb the judgment as rendered below, as the result is such that should have been reached by a final termination of litigation.

We cannot agree with all reasons stated by the trial court in rendering the judgment, but we believe, however, that the justice of the case has been reached, and the judgment is affirmed.