### MULLINAX v. SNORGRASS et al.

### No. 3221.

Court of Civil Appeals of Texas. El Paso.
June 6, 1935.

Rehearing Denied June 20, 1935.

Wilkinson & Wilkinson, of Mt. Vernon, for appellant.

Whitehurst & Whitehurst, of Dallas, for appellees.

HIGGINS, Justice.

R. F. Snorgrass, trustee for Fidelity Union Fire Insurance Company, conveyed to C. N. Mullinax by general warranty deed land described as "being out of the J. P. Andrews, Warren Davis and Z. F. Elliott surveys and being the same land conveyed to A. C. Ruby, Trustee, by B. G. Jones, et al., by deed of trust dated March 27th, 1920, and recorded in Vol. 12, page ———, deed of trust records of Franklin County, Texas, and containing 139 acres of land."

The land in the Andrews survey is described in the deed from Jones to Ruby as "85 acres of land, being all of the J. P. Andrews survey, which survey was patented to him by patent No. 338 Vol. 13, dated May 20th, 1882, and recorded in Vol. T, page 87, Deed Records of Franklin County, Texas."

Briefly stated, the field notes in the patent to the Andrews survey describe the same as beginning at the southeast corner of the B. F. Elliott survey, thence north 615 varas, thence east 780 varas, thence south 615 varas, thence west 780 varas to the beginning.

In payment Mullinax paid $600 cash and executed notes for the balance of the purchase price to secure the payment of which a vendor's lien was reserved in the deed, and Mullinax also executed a deed of trust upon the land to H. W. Gee, trustee. The Fidelity Union Life Insurance Company acquired the notes and lien.

Mullinax brought this suit against the Fidelity Union Fire Insurance Company, Fidelity Union Life Insurance Company, Gee, and Snorgrass, alleging the sale was by the acre; that there were only 116 acres in the land conveyed, and seeking an abatement in the purchase price because of such deficiency in acreage, to be applied upon the notes held by the Fidelity Union Life Insurance Company, and in the alternative praying judgment against the Fidelity Union Fire Insurance Company for the amount of the price per acre agreed to be paid for the acreage deficiency. Mullinax alleged he purchased the land relying upon the representation of Snorgrass that it contained 139 acres. From the petition we quote:

"(14) Plaintiff further alleges that in said Deed of Conveyance the said defendant, Fidelity Union Fire Insurance Company, and its trustee, R. F. Snorgrass, by their warranty did warrant unto this plain-

tiff that said tracts of land actually contained 139 acres of land.

"(15) Plaintiff further alleges that in truth and in fact said three tracts of land ,did not contain 139 acres but there is only contained within the description of said land 116 acres. That in said Deed of Conveyance the tract of land was conveyed to the plaintiff out of the J. P. Andrews Survey and the description of said tract called for the entire J. P. Andrews Survey and described 85 acres of land whereas in truth and in fact there is only contained within the said J. P. Andrews Survey 62 acres of land.

"(16) Alternative to the next preceding paragraph of this petition plaintiff alleges that if it was not in truth and fact represented to him that said three tracts of land contained 139 acres of land then he alleges that both he and the defendants made the trade upon the assumption and under the belief that said three tracts did consist of 139 acres and that it was a mutual mistake as to the amount of acreage contained within the description of said three tracts of land."

Mullinax tendered the balance due upon his notes after deducting the amount claimed by reason of the alleged deficiency in acreage.

·The undisputed testimony of plaintiffs' witness Cowan, a surveyor, shows that according to the field notes of the Andrews survey it contains 85 acres, but upon the east it conflicts with the Ward survey, a senior grant, such conflict amounting to 23 acres. It is upon this conflict the plaintiff based his claim of an acreage deficiency.

There is a sharp conflict in the testimony as to whether the sale was in gross or by the acre; also whether the representations concerning acreage were made or not. The evidence is amply sufficient to support a finding that the sale was in gross; also to support a finding that Mullinax knew the tract conveyed contained only 115 acres. Snorgrass testified that he originally supposed the land contained 139 acres but in negotiating the sale to Mullinax he was informed by Mullinax the land had been surveyed and ran short 24 acres; that he took Mullinax's word for it and thereafter referred to it as 115 acres.

. Upon trial without a jury judgment was rendered against the plaintiff. Findings and conclusions were not filed by the trial court.

## Opinion.

From the statement made of the petition it is apparent recovery was sought upon two grounds:

First. Upon the theory of a breach of a warranty of quantity contained in the deed or that the general warranty was breached by the acreage deficit alleged.

Second. Upon an equitable right of abatement of the purchase price because the sale was by the acre and the purchase was made relying upon representations of Snorgrass that the tract contained 139 acres.

 The deed contains no warranty of quantity as the. petition alleged, and a´general warranty of title is not breached by a mere deficiency in the recited acreage of the land conveyed. 12 Tex. Jur., Title Covenants and Conditions, §§ 18 and 46. Furthermore, there was no shortage in the Andrews survey. The survey actually contains 85 acres. There was a failure of title to the 23 acres in conflict with the Ward survey, but not an acreage deficiency. The evidence is in conflict upon the issues of a sale by the acre and representations alleged to have been made by Snorgrass, and it must be assumed such issues were found by the court in favor of the defendants. Therefore, upon the cause of action alleged, no error appears in the judgment rendered.

Appellant here presents no point which has any relation to the cause of action set up in his petition.

The appeal is submitted upon the theory that because of the conflict with the Ward survey, a senior grant, the title has failed to the 23 acres so in conflict, and the plaintiff is entitled to an abatement in the purchase price because of the partial breach of the covenant of general warranty arising out of such conflict. The evidence shows such partial breach of the general warranty of title; right to recover therefor and apply the damages in abatement of the purchase price. Doyle v. Hord, 67 Tex. 621, 4 S. W. 241; Bellamy v. McCarthy, 75 Tex. 293, 12 S. W. 849; Houston v. Wm. Cameron & Co. (Tex. Civ. App.) 135 S. W. 699.

 But it is elementary that evidence adduced upon an issue not made by the pleadings will not support a judgment.

 In the petition it was alleged the Andrews survey did not contain 85 acres, but only 62 acres. It was shown by plaintiff's evidence it did contain 85 acres as

its field notes purport. There is no hint in the petition of any failure of title to 23 acres in the Andrews survey because of conflict with a senior grant or otherwise. The petition plainly predicates the right of recovery upon the theory of a deficiency in acreage. Nothing is alleged from which it could be inferred that there was, for any reason, a failure of title to any part of the land conveyed as distinguished from a deficiency in acreage.

The evidence and theory upon which appellant now relies for reversal is upon a cause of action not alleged. It follows the propositions submitted in support of such theory afford no ground for reversal.

Affirmed.