## MULLINAX v. FIDELITY UNION FIRE INS CO. et al.

### No. 3594.

Court of Civil Appeals of Texas. El Paso.

Feb. 3, 1938.

Rehearing Denied Feb. 24, 1938.

Wilkinson & Wilkinson, of Mount Vernon, for appellant.

Whitehurst & Whitehurst, of Dallas, for appellees.

NEALON, Chief Justice.

The parties herein will be designated as they were in the district court. Appellant Mullinax, as plaintiff, sued defendants Fidelity Union Fire Insurance Company, a corporation, and Fidelity Union Life Insurance Company, a corporation, alleging that defendant Fidelity Union Fire Insurance Company had on December 1, 1927, executed and delivered to plaintiff a warranty deed conveying to him certain land in Franklin County for a total consideration of $2641, of which $41 was paid by the making of certain improvements, $600 was paid in cash, and the balance to be paid was evidenced by eight promissory notes of $250 each, falling due at various future dates, and secured by vendor's lien retained in the deed and by deed of trust; that at the time suit was brought two of the notes aggregating $500 principal, together with interest thereon, were unpaid. Plaintiff alleged that the lands were purchased at an agreed valuation of $19 per acre, and that this was the reasonable value of the same; that as to 23 acres of the land included within the conveyance title failed by reason of a conflict with an older survey; that said 23 acres were in the possession of other persons and plaintiff had never been able to secure possession of the same. Alleging that by reason of said alleged failure of title he was injured to the extent of $437, and in addition thereto the sum of $214.13 excess interest paid, making an aggregate alleged damage of $651.13, plaintiff sought to have judgment canceling said two last notes and removing the cloud cast upon his title by said liens, quieting him in the possession of said land, and for general and special relief.

In abatement defendants pleaded that the alleged cause of action was res judicata by virtue of a certain suit and the judgment rendered therein in favor of defendants and R. F. Snorgrass and H. W. Gee, which judgment was thereafter affirmed by this court, Mullinax v. Snorgrass, 83 S.W.2d 1080, 1081; said suit being numbered 3676 upon the docket of the district court of Franklin county. The pleadings and judgment in cause No. 3676 were set out in full, but as they are thoroughly analyzed in the opinion published in 83 S.W.2d they will not be restated here.

The court sustained the plea in abatement, holding that the matters involved in the instant case were fully adjudicated and determined in said cause No. 3676, and dismissed plaintiff's petition. To this action of the court plaintiff in open court excepted, and from said judgment prosecutes this appeal.

In this case plaintiff attempted to recover upon an alleged breach of warranty of title. Unless the same character of action was adjudicated in the former suit the judgment of the district court was erroneous. The issues involved in the former suit are clearly stated in the opinion on the former appeal, which was written by Justice Higgins. In that opinion the court said:

"From the statement made of the petition it is apparent recovery was sought upon two grounds:

"First. Upon the theory of a breach of a warranty of quantity contained in the deed or that the general warranty was breached by the acreage deficit alleged.

"Second. Upon an equitable right of abatement of the purchase price because the sale was by the acre and the purchase was made relying upon representations of Snorgrass that the tract contained 139 acres."

Commenting further, this court held that the suit was for damages alleged to have resulted from a deficiency of acreage, and not from failure of title to any part of the land. It held that the pleadings would not support a judgment on account of breach of covenant of general warranty, the language of the court upon this point being:

"The appeal is submitted upon the theory that because of the conflict with the Ward survey, a senior grant, the title has failed

to the 23 acres so in conflict, and the plaintiff is entitled to an abatement in the purchase price because of the partial breach of the covenant of general warranty arising out of such conflict. The evidence shows such partial breach of the general warranty of title; right to recover therefor and apply the damages in abatement of the purchase price. Doyle v. Hord, 67 Tex. 621, 4 S.W. 241; Bellamy v. McCarthy, 75 Tex. 293, 12 S.W. 849; Houston v. Wm. Cameron & Co., Tex.Civ.App., 135 S.W. 699.

"But it is elementary that evidence adduced upon an issue not made by the pleadings will not support a judgment.

"In the petition it was alleged the Andrews survey did not contain 85 acres, but only 62 acres. It was shown by plaintiff's evidence it did contain 85 acres as its field notes purport. There is no hint in the petition of any failure of title to 23 acres in the Andrews survey because of conflict with a senior grant or otherwise. The petition plainly predicates the right of recovery upon the theory of a deficiency in acreage. Nothing is alleged from which it could be inferred that there was, for any reason, a failure of title to any part of the land conveyed as distinguished from a deficiency in acreage."

██ Since the issue of breach of warranty by reason of failure of title was not tendered by the plaintiff's pleadings in the former suit, the judgment of the court in that suit does not conclude the plaintiff in this suit. As said by the Supreme Court in Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 8, 66 L.R.A. 745, 107 Am.St.Rep. 596: "'The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading. What is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills, equitable defenses, etc. * * * But as long as these several matters are not tendered as issues in the action, they are not affected by it.' Freeman on Judgments, 249; Black on Judgments, 732. * * * This we understand to be the true doctrine, and the principle that all matters are concluded that might have been litigated has not been differently applied by the judgments of this court in cases cited by appellants. The statement has always been made with reference to some matter that was comprehended within the issues in the former action, and not concerning causes of action distinct from those before asserted and adjudicated."

To like effect is the language used in City of Houston v. Walsh, 27 Tex.Civ.App. 121, 66 S.W. 106, writ of error denied; Providence-Washington Insurance Company v. Owens, Tex.Civ.App., 210 S.W. 558.

The rule as stated in Philipowsky v. Spencer, 63 Tex. 604, is as follows: "As a general rule, a former judgment will not be a bar to further litigation, unless the same vital point was put directly in issue and determined or was fairly within the scope of the pleadings. 6 Wait's Act. & Def. 785, and cases there cited. A judgment or decree is not conclusive as to collateral questions, nor of any matter to be inferred by argument from the judgment. 6 Wait's Act. & Def. 785, and authorities cited. It is also there said: 'The rule as sometimes stated is, that a judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before the judgment could have been given.'"

██ Even though there be a concurrence of the four necessary identities, to wit, (1) of parties or their privies, (2) of the thing sued for, (3) of cause of action, (4) of right in which the parties sued, yet if from the pleadings in the case or from the judgment it appears that the particular issue could not have been tried or was not in fact tried, then the judgment in the former case is not res judicata as to that particular issue. Philipowsky v. Spencer, supra; Teal v. Terrell, 48 Tex. 491; Pishaway v. Runnels, 71 Tex. 352, 353, 9 S.W. 260; Middleton v. Nibling, Tex.Civ.App., 142 S.W. 968; Allen v. Frank, Tex.Civ.App., 252 S.W. 347; Moore v. Snowball, supra.

██ Nor is the former judgment a bar to the trial of any particular issue, though such issue could have been tried in the first suit, unless it affirmatively appears from the pleadings, record, or judgment, that it was tried or, of necessity, must have been tried, in order to support the judgment of the court. Philipowski v. Spencer, supra; International & G. N. Ry. Co. v. Concrete Inv. Co., Tex.Civ.App., 201 S.W. 718; Moore v. Snowball, supra.

██ Causes of action which are distinct and independent, although growing out of the same transaction or set of facts, may

326

be sued upon separately, and the recovery of judgment for one of such causes of action will not bar subsequent actions upon others. 34 C.J. 847, note 70; International & G. N. Ry. Co. v. Concrete Inv. Co., supra; West v. Cole, Tex.Civ.App., 50 S.W. 151; Houston & T. C. Ry. Co. v. Perkins, 2 Willson, Civ.Cas.Ct.App. § 520; Whitney v. Parish of Vernon, Tex.Civ.App., 154 S.W. 264; Benavides v. State, Tex.Civ.App., 214 S.W. 568, 571; Moore v. Snowball, supra.

In the light of the authorities cited, we must hold that the court erred in sustaining the plea of res judicata.

Judgment is reversed and the cause is remanded.