FIDELITY UNION FIRE INSURANCE COMPANY ET AL V. C. N. MULLINAX.

No. 7408. Decided January 11, 1939.
Rehearing overruled March 1, 1939.
(123 S. W., 2d Series, 288.)

*Whitehurst & Whitehurst,* of Dallas, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that since the issue of breach of warranty by reason of failure of title was not tendered by plaintiff's pleadings in the former suit, the judgment of the court in that suit does not conclude the plaintiff in this suit. Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct., 771; Cresap v. Manor, 63 Texas 485; Mitchell v. Zimmerman, 4 Texas 75.

*Whitehurst & Wilkinson,* of Mt. Vernon, *Otto Mullinax,* of Houston, and *J. Hubert Lee,* of Austin, for defendant in error.

Where there are two or more issues involved in litigation and where a judgment could be rendered upon either one or both, and where a general judgment has been rendered, without indicating upon which issue; then the judgment is not an estoppel against a subsequent suit involving an issue which was not involved in the case tried. To be res adjudicata it must clearly and positively appear from the record, or evidence, that the precise point or question in issue in the second suit was necessarily adjudicated in the first suit. Moore v. Snowball, 98 Texas 16, 81 S. W. 5; Philipowsky v. Spencer, 63 Texas 604; Houston Ter. Land Co. v. Westergreen, 119 Texas 204, 27 S. W. (2d) 526.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

By deed dated December 1, 1927, R. F. Snorgrass, trustee

for Fidelity Union Fire Insurance Company, conveyed to C. N. Mullinax certain lands in Franklin County, Texas, by the following description:

"All that certain lot, tract or parcel of land lying and being situated about 2.5 miles northeast of Winnsboro in Franklin County, Texas, and being out of the J. P. Andrews, Warren Davis and Z. F. Elliott surveys, and being the same land conveyed to A. C. Rubey, Trustee, by B. G. Jones et al. by deed of trust dated March 27, 1920, and recorded in Vol. 12, on page ——of the deed records of Franklin County, Texas, and containing 139 acres of land."

This deed contained a clause of general warranty of title.

By reference to the deed from Jones to Rubey referred to it is found that the land in the Andrews Survey is described as "85 acres of land, being all of the J. P. Andrews Survey which survey was patented to him by patent No. 338, Vol. 13, dated May 20th, 1882, and recorded in Vol. T, page 87, deed records of Franklin County, Texas."

The Andrews Survey as described in the patent is in conflict with the Mary Ward Survey on the east to the extent of 23 acres. The part free from conflict contains 62 acres. The Mary Ward Survey is senior and superior to the Andrews Survey.

The deed by Snorgrass to Mullinax was partly for a consideration represented by vendor's lien notes. Prior to payment of all the notes Mullinax sued Snorgrass, the Fidelity Union Fire Insurance Company, and the Fidelity Union Life Insurance Company in the District Court of Franklin County. As the disposition of the present suit depends to a large extent upon the issues and result in that suit, we shall as faithfully as possible undertake to set out the substance of plaintiff's petition therein without copying same in full.

In paragraph 2 of said petition plaintiff alleged that he was owner in fee simple of certain tracts of land in Franklin County. The first tract is described as "being all of the J. P. Andrews Survey, Abst. No. 559, and consisting of 62 acres, described by metes and bounds as follows, towit." He then gives a particular description by metes and bounds of that part of the Andrews Survey not in conflict with the Mary Ward Survey, and concludes with the statement "containing 62 acres of land." Two other tracts, one of 50 acres and the other of 4 acres, are then specifically described.

After making allegations of agency between Snorgrass and Fidelity Union Fire Insurance Company, in paragraph 5, he

alleges that on or about the first day of December, 1927, Snorgrass, as agent, approached him and offered to sell three tracts of land, "being the same land above mentioned;" that is, the Andrews 62 acres, the Davis 50 acres and the Elliott 4 acres. Allegation is then made that Snorgrass represented that said three tracts contained 139 acres, and that it was agreed between said Snorgrass and plaintiff that plaintiff would purchase same at a price of $19.00 per acre, or a total of $2641.00. Allegation is further made that a deduction of $41.00 was agreed upon, and the agreement for the sale and purchase of the land was consummated.

In paragraph 7 it is alleged that in consummation of said sale and purchase a deed was executed and delivered containing the general description set out above.

Allegations are then made as to the notes executed in payment of said land, the amounts paid thereon, and the balance due. In paragraph 13 it is alleged that when he purchased said lands it was represented to him by Snorgrass that there was contained therein a total of 139 acres, and that if he had not known that same contained such acreage he would not have contracted to purchase same. It is also alleged in paragraph 14 that defendants "did warrant unto plaintiff that said tracts of land actually contained 139 acres of land."

Paragraph 15 of said petition is as follows:

"Plaintiff further alleges that in truth and in fact said three tracts of land did not contain 139 acres, but there is only contained within the description of said land 116 acres. That in said Deed of Conveyance the tract of land was conveyed to the plaintiff out of the J. P. Andrews Survey and the description of said tract called for the entire J. P. Andrews Survey and described 85 acres of land whereas in truth and in fact there is only contained within the said J. P. Andrews Survey 62 acres of land."

In paragraph 16 it is alleged in the alternative that if it was not in truth and in fact represented to him that said three tracts of land contained 139 acres, then by mutual mistake it was the belief of all parties that they did contain that acreage.

By that suit plaintiff sought to recover the difference in value at $19.00 per acre between 139 acres and 116 acres, and to have the same applied on the purchase money notes. When that petition is carefully analyzed it is seen that it amounts, in substance, to this: That plaintiff actually negotiated with

and purchased from Snorgrass only 116 acres of land, including the 62 acres of the Andrews Survey not in conflict, but that said 116 acres was represented to contain 139 acres; that by reason of misrepresentation on the part of Snorgrass, on which plaintiff relied, or by mutual mistake, the parties contracted upon the basis of 139 acres at $19.00 per acre, instead of 116 acres, and the consideration stipulated in the deed was on that basis, and was therefore excessive in that amount.

It is not necessary to notice the defendants' pleadings in detail. It is sufficient to say that they raised issues of fact in three particulars: (a) That the lands actually purchased were under fence, and the land actually contracted for on the Andrews Survey was that part under fence and free of conflict; (b) that plaintiff contracted to buy the lands upon the basis of 115 acres, instead of 139 acres; and (c) that the sale was in gross, the total consideration of $2600 being for the acreage actually bought, and not for 139 acres, as mentioned in the deed.

The above mentioned suit went to trial before the Court without a jury, and on September 17, 1934, resulted in a judgment for defendants. It is recited that the Court, "after hearing the pleadings and the evidence thereon adduced, and argument of counsel, is of the opinion that the law and the facts are for the defendants." It was thereupon decreed that plaintiff take nothing, and defendants go hence without day. The judgment of the district court in that case was affirmed by the Court of Civil Appeals. See Mullinax v. Snorgrass et al., 83 S. W. (2d) 1080. Writ of error was refused by the Supreme Court.

It is not necessary to review the holding of the Court of Civil Appeals in detail. Briefly, it may be said that the Court held that the suit was predicated upon a deficiency in acreage, and not upon breach of warranty, and that as the trial court had found against appellant (plaintiff) upon the matter of deficiency, the cause of action failed. While the Court used language to the effect that there appeared to be a technical breach of warranty, it further held that the pleadings did not support a cause of action on that ground. In our judgment, the significant portions of the opinion are as follows:

"There is a sharp conflict in the testimony as to whether the sale was in gross or by the acre; also whether the representations concerning acreage were made or not. The evidence is amply sufficient to support a finding that the sale was in gross; also to support a finding that Mullinax knew the tract

conveyed contained only 115 acres. Snorgrass testified that he originally supposed the land contained 139 acres, but in negotiating the sale to Mullinax he was informed by Mullinax the land had been surveyed and ran short 24 acres; that he took Mullinax's word for it and thereafter referred to it as 115 acres.

"* * * The evidence is in conflict upon the issues of a sale by the acre and representations alleged to have been made by Snorgrass, and it must be assumed such issues were found by the court in favor of the defendants. Therefore, upon the cause of action alleged, no error appears in the judgment rendered."

The present suit was instituted by Mullinax as plaintiff against the Fidelity Union Fire Insurance Company and the Fidelity Union Life Insurance Company in the District Court of Franklin County. This time plaintiff took the position that he really purchased 139 acres, that the deed described that acreage and warranted title thereto, that title to the 23 acres in conflict with the Ward Survey had failed, and that on the theory of breach of warranty he was entitled to recover for said 23 acres on the basis of $19.00 per acre, and obtain a credit to that extent upon his notes. Defendant set up numerous defenses, including a plea in abatement, based on the contention that the prior judgment was res adjudicata as to liability. After hearing proof, the trial court sustained the plea in abatement. This judgment was reversed by the Court of Civil Appeals. 114 S. W. (2d) 323. The decision of the Court of Civil Appeals was based on a holding that as the first suit sought "recovery upon the theory of deficiency in acreage," and the last suit was predicated upon breach of warranty of title, the rule of res adjudicata did not apply.

We cannot agree with the Court of Civil Appeals. A careful analysis of the situation discloses that plaintiff has once litigated the matter of liability alleged to have arisen out of this transaction and is not entitled to litigate it again. In the first suit plaintiff expressly alleged that he purchased only 62 acres of the Andrews Survey, describing it specifically. He did not claim that he purchased the 23 acres in conflict. His basic contention was that he purchased only 116 acres, but by misrepresentation was led to believe that the three tracts contained 139 acres. The statements taken from the opinion of the Court of Civil Appeals show that the trial court found as a fact that he purchased the land at a gross price, that he understood that it contained only 116 acres, and that he contracted to pay the $2600 for the 116 acres, exclusive of the 23 acres in conflict. So if it be admitted that the deed technically

described 139 acres, and that the covenant of general warranty covered 139 acres (which is extremely doubtful), and that the title to the 23 acres failed, nevertheless it has been definitely determined and adjudicated that the plaintiff purchased the 116 acres for the gross consideration of $2600, and therefore in effect paid nothing whatever for the 23 acres to which he claims title has failed. Consequently it has been adjudicated that he suffered no loss which could be recovered under the covenant of general warranty. Putting the matter in a different way, we may say that as plaintiff alleged and contended that he purchased only 116 acres, exclusive of the 23 acres, upon representation that there was 139 acres, and as the Court in the first case adjudicated that he purchased the 116 acres knowing that it contained only that amount, and contracted to pay the full consideration of $2600 for that amount, and not for 139 acres, he certainly cannot be heard to say in this proceeding that because the description in his deed technically included 139 acres, he purchased that amount and agreed to pay the $2600 for 139 acres, rather than for the 116 acres. The trial court was therefore correct in sustaining the plea in abatement.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 11, 1939.

Rehearing overruled March 1, 1939.